[No. B088485. Second Dist., Div. One. June 30, 1995.]

CANADIAN INSURANCE COMPANY OF CALIFORNIA, Plaintiff and Respondent, v.
RUSTY'S ISLAND CHIP COMPANY et al., Defendants and Appellants.

492

## Counsel

Pircher, Nichols & Meeks and James L. Goldman for Defendants and Appellants.

Fisher & Hurst, Dennis Gildea, David A. Firestone and Heidi Burch for Plaintiff and Respondent.

## OPINION

**VOGEL (Miriam A.), J.**—In this declaratory relief action brought by an insurance company against two third party claimants that had obtained a liability judgment against the carrier's insured, the trial court held that the claimants, having been dragged into this coverage dispute by the carrier, had no standing to litigate the carrier's waiver of its right to deny coverage. We reverse.

### BACKGROUND

Rusty's Island Chip Company (a partnership comprised of Rusty Vasterling and Carol Mersch) distributes potato chips under its registered trademarks, "Rusty's Island Chips" and "Island Chips." Aloha Pacific, Inc., is Rusty's exclusive licensee. In 1989, Rusty's was having some financial problems and it suspended its operations (but it did not abandon or otherwise dispose of its trademarks). At about that time, Jay Feinberg and Gary Quick, having failed in their efforts to buy Rusty's, started a new potato chip company, Island Industries, Inc. Island then made various offers to Vasterling to purchase or obtain by assignment all of Rusty's trademarks but Vasterling refused to sign anything. Island nevertheless started using Rusty's trademarks and, when asked to stop, refused.

In November 1989, Rusty's and Aloha filed a federal court action against Island, asking for preliminary and permanent injunctions to stop Island's infringements. Island, which was insured under a comprehensive general liability policy issued by the Canadian Insurance Company of California, tendered defense of that action to its insurer. Canadian determined that a provision excluding coverage for trademark infringement claims did *not* apply, but nevertheless refused to provide a defense—on the ground that no money damages were sought in the federal action.[1] Island then retained its own attorneys and answered the complaint, contending Vasterling had assigned Rusty's trademarks to Island.

In February 1990, the federal district court issued a preliminary injunction prohibiting Island from using Rusty's protected marks or any confusingly

---

[1]Feinberg filed a superior court action challenging Canadian's denial of coverage to Island. Summary judgment was granted in favor of Canadian and Feinberg appealed. Division Seven of our court reversed and remanded the case for further proceedings. (*Feinberg* v. *Canadian Ins. Co. of Cal.* (Jan. 25, 1993) B067027 [nonpub. opn.].) It appears that case ultimately settled.

similar mark.[2] Undeterred, Island continued to infringe on Rusty's trademarks in direct violation of the injunction and, in addition, attempted to liquidate its inventory by selling large quantities of discounted chips in packages which infringed on Rusty's licensed marks. As a result, Rusty's and Aloha asked for and were granted permission to amend their complaint to add a claim for damages.[3] Island, in turn, again tendered defense of the federal action to Canadian. Subject to a reservation of specified rights, Canadian agreed to provide a defense.[4]

In August 1992, the federal district court determined the liability issues in favor of Rusty's, finding (by means of a partial summary judgment) that Rusty's was entitled to recover from Island its actual damages, plus Island's wrongfully obtained profits, prejudgment interest, treble damages, and reasonable attorney fees and costs, all as thereafter proved. Meanwhile (in October 1990), Island had filed a voluntary bankruptcy proceeding. To avoid the automatic stay, Rusty's agreed (with the consent of the bankruptcy trustee and Island) to limit its recovery in the federal action to the coverage provided by Canadian. In addition, Rusty's agreed to dismiss its claims against Feinberg and Quick. The net result of all this is that Rusty's can recover only if there is coverage under the CGL policy Canadian issued to Island.[5]

In November 1992, Canadian filed the action now before us, a complaint for declaratory relief against Rusty's alleging that a controversy "exists regarding the duty and obligation of Canadian to pay any judgment that Rusty's . . . might receive in the [federal] action." Rusty's answered and

---

[2]The court rejected Island's claim that it had an assignment from Rusty's. Ultimately, Feinberg and Quick admitted they had agreed, when they formed Island, to "put the trademark . . . through a metamorphosis so as to minimize any potential problems with" Rusty's rights.

[3]Subsequent references to Rusty's are intended to include Aloha.

[4]A detailed letter from Canadian explains there are "important limitations on coverage in respect of [sic] this claim." First, Canadian reiterated its original position that "claims for injunctive relief and costs of compliance are not covered. We are agreeing to defend specifically because the current pleading claims money damages." Second, Canadian explained its current assumption did not include defense costs incurred before the complaint was amended. Third, Canadian explained it would not "assume responsibility for prosecution of any affirmative claims the insureds may assert as counterclaims. The insureds may associate counsel at their own expense to prosecute such claims, or simply to participate in the defense." Fourth, Canadian clarified that coverage would not be afforded for punitive or trebled damages "where the enhancement [sic] is for purposes of punishment." Finally, the letter explained that Canadian was appointing the firm of Breidenbach, Swainston, Crispo & Way to defend the insureds at Canadian's expense. *No other rights were reserved.* Later, the Breidenbach firm was replaced with the firm of Sheldon & Mak.

[5]Later, in Rusty's action against Island, the federal district court recommended that the parties seek a coverage determination before they engaged in the costly business of proving damages. As a result, no final judgment has been entered in the federal action.

cross-complained against Canadian alleging, among other things, that Canadian had waived all coverage defenses not set out in its reservation of rights letter. Canadian answered the cross-complaint.

During a three-day court trial, Canadian attempted to prove (1) that there is no coverage because Rusty's damages were caused by Island's willful acts; (2) that the claims asserted by Rusty's in the federal action were all based on excluded trademark infringements; (3) that Rusty's had no standing in this action to assert coverage by waiver or estoppel because it is not Canadian's insured or the insured's assignee; and (4) that no coverage exists because Island breached the policy's cooperation clause. Rusty's disputed all of these claims.

Almost three months after taking the matter under submission,[6] the trial court issued a minute order indicating its intent to enter judgment for Canadian for the following (and only the following) reasons: "Court finds that the contract was one to indemnify the policy holder and was not a third party beneficiary. [¶] Further, the policy holder never assigned any rights he may have under the p[o]licy to [Rusty's]." The judgment prepared by Canadian and signed by the court goes far beyond the court's actual ruling. Among other things, it provides (1) that Insurance Code section 533[7] prohibited Canadian from indemnifying Island for the consequences of its willful wrongdoing; (2) that all of the damage claims asserted by Rusty's in the federal action arose from Island's willful conduct; (3) that Island's CGL policy excluded coverage for the trademark infringement claims involved in the federal action; and (4) that Rusty's has no standing to assert coverage by waiver or estoppel because they are third party claimants, not Canadian's insureds.

This appeal followed the denial of Rusty's posttrial motions.

## DISCUSSION

We reduce Rusty's claims of errors to the two dispositive issues. First, we explain that, contrary to the trial court's finding on the legal issue, *Rusty's*

---

[6]At the time the case was argued, the trial court made certain factual findings which are not reflected in its minute order or in the subsequently filed judgment. Among other things, the court expressly found that "Canadian did not properly advise its insured of the reservation of rights or reservation of rights to indemnify. And that the reservation of rights letter was nothing." As the court's comments made clear, its only problem was one of standing—it believed (erroneously, as we will explain) that, absent an assignment from Island, Rusty's had no rights vis-à-vis Canadian.

[7]Unless otherwise stated, all section references are to the Insurance Code.

*does have "standing"* in this litigation. Second, we explain that, consistent with the trial court's factual finding, *there was a waiver by Canadian of all rights not asserted in its reservation of rights letter.* For these reasons (and because Canadian does not suggest there is any other basis to affirm the trial court's order), we reverse.

## I.

■ Canadian's position, accepted by the trial court, is that Rusty's, as its insured's adversary, must have an assignment from the insured in order to "bring an action upon a duty owed to the insured by [its] insurer." (See *Clemmer* v. *Hartford Insurance Co.* (1978) 22 Cal.3d 865, 889 [151 Cal.Rptr. 285, 587 P.2d 1098]; *Murphy* v. *Allstate Ins. Co.* (1976) 17 Cal.3d 937, 942-944 [132 Cal.Rptr. 424, 553 P.2d 584].) Whatever truth there may be to that rule in the abstract or where a third party attempts to sue a tortfeasor's insurer for damages for bad faith, it has no application where, as here, "standing" was conferred on Rusty's by Canadian—*because it was Canadian that filed this lawsuit and named Rusty's as a defendant.* As Rusty's correctly points out, an injured third party (such as Rusty's) is a proper defendant in an insurer's action for declaratory relief to determine the scope of coverage under its policy. (See, e.g., *General Ins. Co. of America* v. *Whitmore* (1965) 235 Cal.App.2d 670, 674-676 [45 Cal.Rptr. 556].) Simply put, it is absurd to suggest that Canadian is free to file a coverage lawsuit *against* Rusty's and then, *in that lawsuit,* claim that Rusty's cannot defend itself because it lacks standing to litigate a coverage issue (e.g., whether Canadian's failure to reserve certain rights constitutes a waiver of those rights).

The Third District rejected a similarly spurious argument in *State Farm Mut. Auto. Ins. Co.* v. *Crane* (1990) 217 Cal.App.3d 1127 [266 Cal.Rptr. 422]. There, the insurer sued a third party claimant, then insisted the claimant had no "standing" to contend the carrier's tender of the amount due under the policy was invalid and thus insufficient to stop the Civil Code "section 3291 interest clock from running." (*State Farm Mut. Auto. Ins. Co.* v. *Crane, supra,* 217 Cal.App.3d at p. 1134.) The court disagreed, explaining the injured third party had simply accepted the insurer's invitation—conveyed in a lawsuit initiated by the carrier—to comment upon whether the policy covered the judgment in the underlying action and was, therefore, a "proper party [to] raise any and all arguments bearing upon the proper interpretation of the policy." (*Id.* at p. 1135.) Moreover, since the insurer's refusal to pay a final judgment entered in the underlying action would subject it to suit by the third party claimant, it is silly to suggest that issues

subject to later litigation cannot be raised in an earlier lawsuit initiated by the carrier. (*Ibid.*)[8]

At oral argument, Canadian claimed the waiver issue could not be litigated by the third party claimants in an action brought pursuant to section 11580 or pursuant to policy language included to comply with the statute. We disagree. (*Murphy* v. *Allstate Ins. Co.*, *supra*, 17 Cal.3d at pp. 942-943 [§ 11580, subd. (b)(2) makes the judgment creditor a third party beneficiary of the insurance contract between the insurer and the insured, and thereby permits him to enforce those promises made for his benefit]; *Barrera* v. *State Farm Mut. Automobile Ins. Co.* (1969) 71 Cal.2d 659, 662-663, 670-673 [79 Cal.Rptr. 106, 456 P.2d 674] [the third party claimant's rights may extend beyond third party beneficiary principles and thus may preclude a carrier from relying on the insured's misrepresentations in an action by the third party claimant against the carrier].) The fact that the insurer's implied duty to attempt in good faith to settle a claim against its insured inures only to the benefit of the insured and cannot be enforced by a third party absent an assignment (*Murphy* v. *Allstate Ins. Co.*, *supra*, 17 Cal.3d at p. 944) has nothing to do with this case. Rusty's did not contend that Canadian's inadequate reservation of rights letter gave Rusty's the right to sue Canadian for a breach of Canadian's duty to defend Island, its insured. As explained above, Rusty's claimed only that Canadian's waiver (accomplished by what it knowingly failed to include in that letter) prevents Canadian from denying its indemnity obligations as to those items not subject to its reservation of rights—and that the waiver applies to any action on the contract, including one by or against Rusty's. (*Miller* v. *Elite Ins. Co.* (1980) 100 Cal.App.3d 739, 755 [161 Cal.Rptr. 322] [a carrier's decision to provide an unconditional (or only partially conditional) defense constitutes a waiver of the limitations of the policy and prevents the insurer from asserting those limitations in an "action on the policy"].)

It follows that the trial court erred in concluding that Rusty's has no "standing" to assert waiver in this action. (Croskey & Kaufman, Cal. Practice Guide: Insurance Litigation (The Rutter Group 1995) § 15:726, pp. 15-137 to 15-138.)

## II.

As noted above (fn. 6, *ante*), the trial court expressly found that Canadian's reservation of rights letter is limited to the points listed in that

---

[8]Under section 11580, subdivision (b)(2), every liability policy must contain a "provision that whenever judgment is secured against the insured . . . , then an action may be brought against the insurer on the policy and subject to its terms and limitations, *by such judgment creditor to recover on the judgment.*" (Italics added.) Canadian's policy complies with this statute.

letter and it "did not properly advise its insured of the reservation of rights" as to any point not mentioned in the letter. This factual finding is binding on this appeal. (*Aetna Casualty & Surety Co.* v. *Richmond* (1977) 76 Cal.App.3d 645, 652 [143 Cal.Rptr. 75] [waiver is a question of fact]; *Bowers* v. *Bernards* (1984) 150 Cal.App.3d 870, 873-874 [197 Cal.Rptr. 925] [on appeal, the trial court's factual findings will be upheld unless they are unsupported by any substantial evidence].)

Stated otherwise, Canadian's failure to reserve its right to contest coverage under the policy's exclusions of coverage for willful acts or trademark infringement waived its right to assert those exclusions as a basis for denying coverage in the federal action. (*Foremost Ins. Co.* v. *Wilks* (1988) 206 Cal.App.3d 251, 258 [253 Cal.Rptr. 596]; *Insurance Co. of the West* v. *Haralambos Beverage Co.* (1987) 195 Cal.App.3d 1308, 1319 [241 Cal.Rptr. 427]; *Miller* v. *Elite Ins. Co.*, *supra*, 100 Cal.App.3d at p. 754 [if a carrier assumes the defense of its insured without giving notice of a reservation of rights, "it is thereafter precluded *in an action upon the policy* from setting up such ground of forfeiture or noncoverage"]; *Tomerlin* v. *Canadian Indemnity Co.* (1964) 61 Cal.2d 638, 648 [39 Cal.Rptr. 731, 394 P.2d 571] [although a carrier may not insure against willful misconduct, coverage is available when it is based not on the willful conduct itself but rather on an estoppel occurring after the misconduct].)

Since coverage was not contested on any other ground,[9] and since Canadian does not suggest the factual finding about the reservation of rights is unsupported by the evidence, and since Rusty's has the same standing in this action on the policy as it would in an action to collect from Canadian after a final judgment is rendered in the federal action, Canadian has no present basis for denying coverage and the judgment must be reversed.[10]

---

[9]On appeal, Canadian suggests for the first time that it has not waived its nonreserved defenses to coverage because Rusty's has failed to show that it detrimentally relied on or was prejudiced by Canadian's conduct. We have three problems with this argument. First, it was waived by Canadian's failure to raise it below. (*North Coast Business Park* v. *Nielsen Construction Co.* (1993) 17 Cal.App.4th 22, 28-29 [21 Cal.Rptr.2d 104].) Second, detrimental reliance is almost always an element of estoppel, but not necessarily of waiver. (See *Insurance Co. of the West* v. *Haralambos Beverage Co.*, *supra*, 195 Cal.App.3d at p. 1320, fn. 6.) Third, even if detrimental reliance is required to find a waiver, it is clear from the record that the dismissal from the federal action of the individually named defendants was based at least in part on Rusty's understanding that Canadian's reservation of rights letter meant what it said and no more. For these reasons, we summarily reject Canadian's claim that waiver does not apply in this case.

[10]Our reference to a "present basis" for denying coverage is deliberate. As noted (fn. 5, *ante*), the damage phase of the federal action has been deferred until this coverage dispute is concluded. If the final judgment rendered in the federal action includes punitive damages or

## Disposition

The judgment is reversed and the matter is remanded to the trial court with directions to enter a new judgment in favor of Rusty's and Aloha and against Canadian. Rusty's and Aloha are awarded their costs of appeal.

Spencer, P. J., and Ortega, J., concurred.

A petition for a rehearing was denied July 21, 1995.

---

treble damages within the meaning of the reservation of rights timely asserted by Canadian, those coverage issues (if disputed) will have to be determined at a later time. Since a final judgment has been entered in this case, our reversal will be with directions to the trial court to enter another final judgment, this time in favor of Rusty's and Aloha and against Canadian. If other coverage issues are not resolved among the parties by the time a final judgment is entered in the federal action, another coverage suit can be filed at that time. As a final comment on this point, we note that the trial court purported to find "that the findings made in the federal court action are res judicata." At least as far as the federal court proceedings are concerned, the trial court was wrong. The federal court's findings were expressed in an interlocutory partial summary judgment rendered pursuant to rule 56 of the Federal Rules of Civil Procedure, not as part of a final judgment, and (in federal court) they have no res judicata effect. (6 Moore's Federal Practice (2d ed. 1995) ¶ 56.20[3.-4], pp. 56-703 to 56-704; see also Croskey & Kaufman, Cal. Practice Guide: Insurance Litigation, *supra*, § 15:683 et seq., pp. 15-130 to 15.136.)