[No. B155113. Second Dist., Div. Six. June 26, 2002.]

STATE FARM GENERAL INSURANCE COMPANY, Plaintiff and Respondent, v.
KEVIN MAJORINO et al., Defendants and Appellants.

## COUNSEL

Richard M. Hoefflin and Steven W. Murray for Defendants and Appellants.

Grant, Genovese & Baratta, James M. Baratta, Keith A. Turner and Christopher S. Dunakin for Plaintiff and Respondent.

## OPINION

**COFFEE, J.**—A SLAPP suit (strategic lawsuit against public policy) is a lawsuit brought for the primary purpose of chilling a party's constitutional right of petition or free speech. Here we conclude that an insurance company's declaratory relief action to resolve coverage issues does not qualify as a SLAPP suit.

## BACKGROUND

Appellants Kevin Majorino and Kelly O'Brien filed suit against several individuals after they were allegedly assaulted during a party held at the home of Christopher and Daniel Catalano. (*Majorino v. Catalano* (Super. Ct. Ventura County, 2001, No. SC028950).) The Catalanos were among the named defendants in that action and were insureds under a homeowners policy issued by respondent State Farm General Insurance Company (State Farm). State Farm accepted the Catalanos' tender of defense, subject to a reservation of rights.

State Farm then filed this action for declaratory relief against the Catalanos and appellants, seeking a judicial determination of its duty to indemnify the Catalanos under the policy. The complaint alleged that there was no coverage for appellants' third party liability claims because those claims were based on the "willful and malicious" acts of the Catalanos, and coverage for such acts was excluded.

Appellants filed a special motion to strike under Code of Civil Procedure section 425.16 (hereafter section 425.16), arguing that the claim for declaratory relief is a SLAPP suit designed to chill their constitutional right to petition for legal redress. The trial court denied the motion. It subsequently ordered proceedings in the declaratory relief action stayed pending resolution of the underlying personal injury case.

## DISCUSSION

■ Appellants contend that State Farm's declaratory relief action is a SLAPP suit and the trial court should have granted their special motion to strike. Having independently reviewed their moving papers (*Lam v. Ngo* (2001) 91 Cal.App.4th 832, 845 [111 Cal.Rptr.2d 582]), we affirm the order denying the motion.[1]

Section 425.16 allows a defendant to obtain a dismissal of a nonmeritorious SLAPP suit at an early stage of the litigation. (*Bradbury v. Superior Court* (1996) 49 Cal.App.4th 1108, 1113 [57 Cal.Rptr.2d 207].) The statute provides that a special motion to strike may be filed as to any "cause of action against a person arising from any act of that person in furtherance of the person's right of petition or free speech under the United States or California Constitution in connection with a public issue . . . unless the

---

[1]We reject State Farm's argument that the stay of its declaratory relief action renders this appeal moot. If appellants were to prevail, they additionally would be entitled to a dismissal and an award of attorney's fees and costs. (§ 425.16, subd. (c).)

court determines that the plaintiff has established that there is a probability that the plaintiff will prevail on the claim." (§ 425.16, subd. (b)(1).)

■ A defendant who files a special motion to strike under section 425.16 has the burden of making a prima facie showing that the plaintiff's claims arise from an act of the defendant in furtherance of the defendant's right of petition or free speech. (*Chavez v. Mendoza* (2001) 94 Cal.App.4th 1083, 1087 [114 Cal.Rptr.2d 825].) Such acts include "any written or oral statement or writing made before a legislative, executive, or judicial proceeding." (§ 425.16, subd. (e)(1).)

■ It is well established that filing a lawsuit is an exercise of a party's constitutional right of petition. (*Briggs v. Eden Council for Hope & Opportunity* (1999) 19 Cal.4th 1106, 1115 [81 Cal.Rptr.2d 471, 969 P.2d 564]; *Kajima Engineering & Construction, Inc. v. City of Los Angeles* (2002) 95 Cal.App.4th 921, 929 [116 Cal.Rptr.2d 187].) Appellants argue that State Farm's declaratory relief action arises from the personal injury lawsuit they filed against the Catalanos, and as such, it infringed upon their right of petition. We disagree.

"The phrase 'arising from' in section 425.16, subdivision (b)(1) has been interpreted to mean that 'the act underlying the plaintiff's cause' or 'the act which forms the basis for the plaintiff's cause of action' must have been an act in furtherance of the right of petition or free speech." (*ComputerXpress, Inc. v. Jackson* (2001) 93 Cal.App.4th 993, 1001 [113 Cal.Rptr.2d 625].) Here, the act that underlies and forms the basis for State Farm's declaratory relief action is not the personal injury lawsuit filed by appellants, but the Catalanos' tender of the defense of that lawsuit under a policy that contains an arguably applicable exclusionary clause.

Appellants' personal injury suit against the Catalanos did trigger the chain of events that caused State Farm to seek a judicial declaration of its coverage obligations. And the nature of the claims in the underlying personal injury case frames the scope of coverage under the State Farm policy. But the action for declaratory relief *arose* from the tender of defense and the terms of an insurance policy issued well before the underlying litigation commenced, not from the litigation process itself. (See *Church of Scientology v. Wollersheim* (1996) 42 Cal.App.4th 628, 651 [49 Cal.Rptr.2d 620].) Section 425.16 does not apply merely because the declaratory relief action followed the filing of appellants' personal injury case. (See *ComputerXpress, Inc. v. Jackson, supra*, 93 Cal.App.4th at pp. 1002-1003.)

Treating State Farm's declaratory relief action as a SLAPP suit would be inconsistent with the fundamental purpose of section 425.16, namely, to

stem the flow of "lawsuits brought primarily to chill the valid exercise of . . . constitutional rights." (§ 425.16, subd. (a); *Damon v. Ocean Hills Journalism Club* (2000) 85 Cal.App.4th 468, 477 [102 Cal.Rptr.2d 205].) The issue to be litigated in the declaratory relief action is State Farm's obligations to the *Catalanos*. No damages or other forms of affirmative relief are sought against *appellants*. The resolution of State Farm's coverage obligations will not in any way impair appellants' ability to pursue their claims against the Catalanos, and the declaratory relief action has neither the purpose nor the effect of stifling appellants' right of petition by means of the personal injury case.[2]

Appellants suggest that the declaratory relief action should be dismissed as premature and duplicative, citing *General of America Ins. Co. v. Lilly* (1968) 258 Cal.App.2d 465 [65 Cal.Rptr. 750]. In that case, the trial court properly exercised its discretion to deny declaratory relief to an insurance carrier where the coverage issue to be decided—permissive use of a motor vehicle—was identical to an issue that would necessarily be resolved in a separate lawsuit filed by the third party claimant. (*Id.* at pp. 470-471.) Here, by contrast, the coverage issue raised by State Farm requires interpretation of its policy, and will not necessarily be resolved by the underlying personal injury suit. (Cf. *id.* at p. 471; see *General Ins. Co. of America v. Whitmore, supra*, 235 Cal.App.2d at pp. 676-677.) Possible defects in the declaratory relief action do not, in any event, transform it into a SLAPP suit subject to a special motion to strike.

Appellants also complain that the declaratory relief action deprives them of their right to a jury trial on their personal injury claim, but their concern is unfounded. The declaratory relief action has been stayed pending the outcome of the underlying personal injury litigation, and there is no risk of inconsistent factual findings in the two proceedings. (See *Montrose Chemical Corp. v. Superior Court* (1993) 6 Cal.4th 287, 301-302 [24 Cal.Rptr.2d 467, 861 P.2d 1153].)

Because appellants did not carry their initial burden of demonstrating that the declaratory relief action is a SLAPP suit under section 425.16, subdivision (b)(2), it is unnecessary to determine whether State Farm established a probability that it will prevail at trial. (See *Chavez v. Mendoza, supra*, 94 Cal.App.4th at p. 1087.) Nor do we address State Farm's argument that a

---

[2]Although the declaratory relief action seeks interpretation of an insurance contract between State Farm and the Catalanos, appellants were properly named as defendants. (*Canadian Ins. Co. v. Rusty's Island Chip Co.* (1995) 36 Cal.App.4th 491, 496 [42 Cal.Rptr.2d 505]; *State Farm Mut. Auto. Ins. Co. v. Crane* (1990) 217 Cal.App.3d 1127, 1135 [266 Cal.Rptr. 422]; *General Ins. Co. of America v. Whitmore* (1965) 235 Cal.App.2d 670, 673-674 [45 Cal.Rptr. 556].)

request for declaratory relief is not a "cause of action" for purposes of section 425.16.

## DISPOSITION

The order denying the special motion to strike under section 425.16 is affirmed. Costs are awarded to respondent State Farm.

Gilbert, P. J., and Perren, J., concurred.