[Nos. B147937, B156219. Second Dist., Div. Three. Oct. 22, 2002.]

RONALD GALLIMORE, Plaintiff and Appellant, v.
STATE FARM FIRE & CASUALTY INSURANCE COMPANY et al.,
Defendants and Respondents.

COUNSEL

Harvey Rosenfield, Pam Pressley; Robinson, Calcagnie & Robinson, Mark P. Robinson, Jr., and Sharon J. Arkin for Plaintiff and Appellant.

Severson & Werson, William L. Stern; Robie & Matthai, Pamela E. Dunn and Daniel J. Koes for Defendants and Respondents.

**OPINION**

**CROSKEY, J.**—In these consolidated appeals, plaintiff and appellant, Ronald Gallimore, seeks relief from a judgment of dismissal entered following the trial court's order granting a motion to strike under Code of Civil

Procedure section 425.16 (the so-called anti-SLAPP [strategic lawsuit against public participation] statute).[1] He also appeals from the subsequent order of the trial court awarding attorney's fees pursuant to section 425.16, subdivision (c). (See fn. 8, *post.*) Defendants and respondents include State Farm Fire & Casualty Insurance Company and State Farm Mutual Automobile Insurance Company and a number of their employees (hereafter collectively referred to as State Farm).[2]

Based on allegations of claims handling misconduct by State Farm, plaintiff sought relief under Business and Professions Code sections 17200 et seq. State Farm responded to plaintiff's complaint with a motion to strike under section 425.16. State Farm argued that plaintiff's allegations were based upon, and arose from, confidential written reports and related materials that State Farm had filed with the Department of Insurance and thus constituted a "SLAPP suit" and fell within the gatekeeping provisions of section 425.16. Because we conclude that both State Farm and the trial court have confused allegations of wrongdoing with the evidence required to prove them, we find no basis for a motion to strike plaintiff's complaint under section 425.16. We therefore reverse both the judgment (No. B147937) and the subsequent order awarding attorney's fees (No. B156219) and remand the matter for further proceedings.

FACTUAL AND PROCEDURAL BACKGROUND[3]

On April 27, 2000, plaintiff filed his complaint in this matter alleging a single cause of action against State Farm in which he sought injunctive, restitutionary and other equitable relief under California's unfair competition law (Bus. & Prof. Code, § 17200 et seq.). Plaintiff alleged that State Farm had, within the previous four years, "engaged in unfair business practices in this state in the context of the adjustment of property loss claims including, without limitation, property loss claims arising out of the Northridge Earthquake."[4]

---

[1] Unless otherwise indicated, all statutory references are to the Code of Civil Procedure.

[2] The State Farm employees appearing herein as defendants and respondents are Sandy Horton, John Baker, Daniel Eppinger, Teresa Collins, Scott Metz, Charles G. Hook and Tinga Nicholson.

[3] The facts we recite are not in dispute and are clearly established by the appellate record before us.

[4] In paragraph 18 of his complaint, plaintiff alleged, on information and belief, the commission by State Farm of specific statutory and regulatory violations and other misconduct:

"a. Unnecessary or excessive reduction of the claim amount on the basis of natural wear and tear in violation of Insurance Code section 790.03(h)(3) and 10 Cal. Code of Regs. Section 2695.3(a);

In his complaint (par. 16), plaintiff alleged that the California Department of Insurance (DOI) had conducted an investigation of State Farm in which it had examined 825 claim files and found violations by State Farm in nearly 50 percent of them. The DOI investigators had recommended a repayment fund for policyholders of $114.7 million and fines against State Farm of $2.38 billion. Plaintiff further alleged that the Insurance Commissioner had failed and refused to follow or adopt such recommendations and it was therefore imperative that the alleged violations and misconduct be addressed in plaintiff's action under Business and Professions Code section 17200 et seq.

Based upon these allegations, plaintiff, acting as a private attorney general, requested, on behalf of the general public, (1) an injunction to prevent State Farm from engaging in such conduct in the future, (2) appropriate restitutionary relief, (3) disgorgement of illegally obtained profits and other appropriate relief and (4) reasonable attorney's fees.

"b. Failure to explain why a claim payment was reduced in violation of Insurance Code section 790.03(h)(1); Insurance Code section 790.03(h)(3); 10 Cal. Code of Regs. Section 2695.4(a); Penal Code section 550(b)(1); Penal Code section 550(b)(2); and Penal Code section 550(b)(3);

"c. Failure to investigate claims properly and inadequate or delayed investigation of claims in violation of Insurance Code section 790.03(h)(3); Insurance Code section 790.03(h)(5); and 10 Cal. Code of Regs. Section 2695.6(a);

"d. Failure to properly explain policyholder benefits in violation of Insurance Code section 790.03(h)(1); 10 Cal. Code of Regs. Section 2695.4(a); Penal Code section 550(b)(1); Penal Code section 550(b)(2); and, Penal Code section 550(b)(3);

"e. Misleading policyholders regarding material facts concerning their claims in violation of Insurance Code section 790.03(h)(1); 10 Cal. Code of Regs. Section 2695.4(a); Penal Code section 550(b)(1); Penal Code section 550(b)(2); and, Penal Code section 550(b)(3);

"f. Misrepresenting to policyholders material facts concerning their claims and the valid and proper amount of benefits due under their policies in violation of Insurance Code section 790.03(h)(1); 10 Cal. Code of Regs. Section 2695.4(a); Penal Code section 550(b)(1); Penal Code section 550(b)(2); and Penal Code section 550(b)(3);

"g. Imposing unacceptably low benefit payments under the policies in violation of Insurance Code section 790.03(h)(5) and 10 Cal. Code of Regs. section 2695.7(g);

"h. Failing to accurately, adequately and sufficiently document claim files in violation of Insurance Code section 790.03(h)(3) and 10 Cal. Code of Regs. Section 2695.3(a);

"i. Refusing to cooperate with regulatory authorities as required by Insurance Code section 733 concerning information required to be provided to ensure defendant's compliance with state laws;

"j. Destroying documents, including documents relating to insureds, in order to preclude their use in litigation;

"k. Forging waivers of coverage in order to limit or preclude payment of claims;

"l. Manufacturing evidence with respect to declarations pages in order to assert that certain types of coverages were not issued when, in fact, they were; and,

"m. Coaching and/or instructing employees to make misleading or false statements under oath."

State Farm responded on August 7, 2000, with a special motion to strike plaintiff's complaint under section 425.16, subdivision (b)(1).[5] State Farm argued that it had responded to the DOI's investigative inquiries and the confidential market conduct examination that DOI had conducted and that State Farm's written and oral communications were successful in persuading the commissioner that no violations or other misconduct had occurred. In spite of this, plaintiff and his attorneys had gained access to such confidential information and had based plaintiff's entire complaint thereon. To permit plaintiff's action to go forward, according to State Farm, would interfere with (1) State Farm's ability to respond to an official DOI proceeding (i.e., a market conduct examination) and (2) State Farm's First Amendment right to communicate freely and confidentially with its state regulator in response to an official inquiry. These circumstances were sufficient, State Farm argued, to bring plaintiff's complaint within the anti-SLAPP suit provisions set out in section 425.16, subdivisions (b) and (e). Further, since his complaint was alleged on information and belief, and all of the evidentiary matters described in the complaint were either founded on confidential material or constituted rank hearsay, plaintiff could not demonstrate, by competent and admissible evidence, the required "probability" of success in the action. Therefore, State Farm urged the trial court that plaintiff's complaint be stricken.

Plaintiff responded that a motion to strike under section 425.16 was inappropriate because the allegations of his complaint were based on State Farm's claims handling activities and practices, as well as violations and evasions of relevant statutory and regulatory mandates, not upon State

---

[5]Subdivision (b) of section 425.16 provides in relevant part: "(1) A cause of action against a person *arising from any act* of that person *in furtherance* of the person's right of petition or free speech under the United States or California Constitution in connection with a public issue shall be subject to a special motion to strike, unless the court determines that the plaintiff has established that there is a probability that the plaintiff will prevail on the claim.

"(2) In making its determination, the court shall consider the pleadings, and supporting and opposing affidavits stating the facts upon which the liability or defense is based." (Italics added.)

Subdivision (b) of section 425.16 must be read together with subdivision (e) of section 425.16 which states: "As used in this section, 'act in furtherance of a person's right of petition or free speech under the United States or California Constitution in connection with a public issue' includes (1) any written or oral statement or writing made before a legislative, executive, or judicial proceeding, or any other official proceeding authorized by law; (2) any written or oral statement or writing made in connection with an issue under consideration or review by a legislative, executive, or judicial body, or any other official proceeding authorized by law; (3) any written or oral statement or writing made in a place open to the public or a public forum in connection with an issue of public interest; (4) or any other conduct in furtherance of the exercise of the constitutional right of petition or the constitutional right of free speech in connection with a public issue or an issue of public interest."

Farm's affirmative communicative acts in responding to a DOI investigation. In other words, there was no basis for State Farm's claim that it was being sued for some act done "in furtherance of" its constitutional right of petition or free speech.

The trial court rejected plaintiff's contention and accepted State Farm's argument and granted its special motion to strike on December 11, 2000.[6] Thereafter, on November 26, 2001, the trial court, pursuant to the authority

[6]In its order and judgment of dismissal filed on December 11, 2000, the trial court stated, in pertinent part:

"IT IS HEREBY ORDERED that State Farm's Special Motion to Strike the entire complaint is GRANTED. The Court finds that Plaintiff Ronald Gallimore has failed to satisfy the requirements of Code of Civil Procedure § 425.16 with respect to the claim asserted in the Complaint, for each and all of the following reasons:

"1. *Plaintiff Ronald Gallimore's instant complaint against State Farm is based on the Market Conduct Examinations prepared by the Insurance Commissioner pursuant to California Insurance Code § 730. The Court finds the information provided by State Farm to the Insurance Commissioner for the Market Conduct Examinations to be confidential and is not subject to disclosure, except where the Commissioner, at his discretion, deems it appropriate. Ins. C. § 735.5(a).*

"2. For the reasons stated in State Farm's Special Motion to Strike under Code of Civil Procedure § 425.16 and Civil Code 47(b), absolute privilege attaches to the information divulged by State Farm to the Insurance Commissioner in proceedings 'authorized by law' barring each and all claims alleged by Ronald Gallimore against State Farm. In bringing this action against State Farm, Ronald Gallimore has not made a verified showing on personal knowledge, as required under Section 425.16, that he possesses a reasonable 'probability' of success on the merits of the alleged claims. Plaintiff's allegations are based solely upon information derived from the Market Conduct Examinations. He sets forth no cause of action independent of the material that may be contained therein.

"3. The access to the Market Conduct Examinations by members of the state legislature, through whatever means, and the posting of it on the Senate Website are irrelevant to the issue of privilege. California law makes it clear that the Insurance Commissioner is the sole holder of the privilege and there is no showing in the record that he has waived that privilege at any relevant time. The privilege itself may not be defeated by the unauthorized dissemination of the Market Conduct Examinations regardless of the intent or reasons that may have motivated the disclosure. To conclude otherwise would be violative of the statutory provisions and underlying public policy giving rise to the privilege in the first instance. Those insurers that submit information to the Insurance Commissioner, believing it to be confidential and not usable against them in a proceeding at law, would face an unforeseen risk if some third party released such material in a public forum. The risk, of course, would be the filing of lawsuits against insurers based upon information that was released to the Commissioner under the good faith belief that it could not be used against them. Such a result would undermine the legislative scheme that encourages the flow of that information to those in government who are responsible for overseeing the whole of the insurance industry for benefit of the public.

"In light of the granting of the Special Motion to Strike against the entirety of the complaint, State Farm is entitled to judgment forthwith. As the prevailing party, State Farm also is entitled to its costs incurred in the instant action. Such costs shall include all attorney's fees and costs incurred by State Farm pursuant to Code of Civil Procedure § 425.16(c). State

contained in section 425.16, subdivision (c), awarded State Farm $61,000 in attorney's fees for its successful prosecution of its special motion to strike plaintiff's complaint.

Plaintiff filed timely appeals from both the judgment of dismissal[7] (No. B147937) and the postjudgment order awarding attorney's fees to State Farm (No. B156219). As we note below, in view of our ruling on the judgment of dismissal, we will have no need to reach or discuss the attorney's fee order beyond the recognition of the fact that, upon reversal of the judgment, it is left without any legal basis.

ISSUE PRESENTED

The critical and dispositive issue presented in these appeals is whether, under the undisputed facts presented by this record, section 425.16 has any application. Or, to phrase the issue in the language of the statutory predicate, has plaintiff filed "[a] cause of action against [State Farm] *arising from any act of* [State Farm] *in furtherance* of [State Farm's] right of petition or free speech under the United States or California Constitution in connection with a public issue . . ."? (§ 425.16, subd. (b)(1), italics added.) As we explain, we think the answer to that question is clearly "No."

DISCUSSION

1. *General Principles and Standard of Review*

In 1992, the Legislature enacted section 425.16 in an effort to curtail lawsuits brought primarily "to chill the valid exercise of . . . freedom of speech and petition for redress of grievances" and "to encourage continued participation in matters of public significance." (§ 425.16, subd. (a).)[8] The section authorizes a special motion to strike "[a] cause of action against a

---

Farm shall provide this court with a [proposed] Order and Judgment, together with a Memorandum of Costs, within 15 days." (Italics added.)

[7]The judgment of dismissal was not actually signed and filed until August 3, 2001. Plaintiff's notice of appeal, filed on February 7, 2001, was therefore premature. In the interest of judicial economy, however, we have exercised our discretion to treat such notice as timely. (*Vibert v. Berger* (1966) 64 Cal.2d 65, 67-68 [48 Cal.Rptr. 886, 410 P.2d 390].)

[8]Subdivision (a) of section 425.16 provides: "The Legislature finds and declares that there has been a disturbing increase in lawsuits brought primarily to chill the *valid* exercise of the constitutional rights of freedom of speech and petition for the redress of grievances. The Legislature finds and declares that it is in the public interest to encourage continued participation in matters of public significance, and that this participation should not be chilled through abuse of the judicial process. To this end, this section shall be construed broadly." (Italics added.)

person arising from any act of that person in furtherance of the person's right of petition or free speech under the United States or California Constitution in connection with a public issue . . . ." (§ 425.16, subd. (b)(1).) ▇ The goal is to eliminate meritless or retaliatory litigation at an early stage of the proceedings. (*Liu v. Moore* (1999) 69 Cal.App.4th 745, 750 [81 Cal.Rptr.2d 807]; *Macias v. Hartwell* (1997) 55 Cal.App.4th 669, 672 [64 Cal.Rptr.2d 222].) The statute directs the trial court to grant the special motion to strike "unless the court determines that the plaintiff has established that there is a probability that the plaintiff will prevail on the claim." (§ 425.16, subd. (b)(1).)

The statutory language establishes a two-part test. First, it must be determined whether the plaintiff's cause of action arose from acts by the defendant in furtherance of the defendant's right of petition or free speech in connection with a public issue. (*Wilcox v. Superior Court* (1994) 27 Cal.App.4th 809, 820 [33 Cal.Rptr.2d 446], disapproved on another ground in *Equilon Enterprises v. Consumer Cause, Inc.* (2002) 29 Cal.4th 53, 68, fn. 5 [124 Cal.Rptr.2d 507, 52 P.3d 685].) "A defendant meets this burden by demonstrating that the *act underlying* the plaintiff's cause fits one of the categories spelled out in section 425.16, subdivision (e)." (*Braun v. Chronicle Publishing Co.* (1997) 52 Cal.App.4th 1036, 1043 [61 Cal.Rptr.2d 58], italics added.) Assuming this threshold condition is satisfied, it must then be determined that the plaintiff has established a reasonable probability of success on his or her claims at trial. The defendant has the burden on the first issue; the plaintiff has the burden on the second (*Wilcox v. Superior Court, supra,* 27 Cal.App.4th at p. 819); the plaintiff, however, has no obligation to demonstrate such probability of success if the defendant fails to meet the threshold burden. (*Paul for Council v. Hanyecz* (2001) 85 Cal.App.4th 1356, 1365 [102 Cal.Rptr.2d 864], disapproved on another ground in *Equilon Enterprises v. Consumer Cause, Inc.* (2002) 29 Cal.4th 53, 68, fn. 5 [124 Cal.Rptr.2d 507, 52 P.3d 685].)

It is only when the defendant has met that threshold burden and then the plaintiff fails to make a prima facie showing of facts, which, if proved at trial, would support a judgment in the plaintiff's favor, that the motion to strike must be granted. (*Church of Scientology v. Wollersheim* (1996) 42 Cal.App.4th 628, 646, 653 [49 Cal.Rptr.2d 620], disapproved on another ground in *Equilon Enterprises v. Consumer Cause, Inc., supra,* 29 Cal.4th 53, 68, fn. 5.) Whether section 425.16 applies and whether the plaintiff has shown a probability of prevailing are both legal questions which we review independently on appeal. (*ComputerXpress, Inc. v. Jackson* (2001) 93 Cal.App.4th 993, 999 [113 Cal.Rptr.2d 625]; *Damon v. Ocean Hills Journalism Club* (2000) 85 Cal.App.4th 468, 474 [102 Cal.Rptr.2d 205].) As both

parties recognize, an order granting a motion to strike under section 425.16 is appealable (§§ 904.1, 425.16, subd. (j)) and is subject to our independent de novo review.

### 2. State Farm Had the Burden of Demonstrating That Plaintiff's Action Was Subject to Section 425.16

Section 425.16 applies to any cause of action arising from an " 'act in furtherance of a person's right of petition or free speech under the United States or California Constitution in connection with a public issue.' " (§ 425.16, subds. (b)(1), (e).) As used in section 425.16, an act in furtherance of a person's right of petition or free speech includes: "(1) any written or oral statement or writing made before a legislative, executive, or judicial proceeding, or any other official proceeding authorized by law; (2) any written or oral statement or writing made in connection with an issue under consideration or review by a legislative, executive, or judicial body, or any other official proceeding authorized by law; (3) any written or oral statement or writing made in a place open to the public or a public forum in connection with an issue of public interest; (4) or any other conduct in furtherance of the exercise of the constitutional right of petition or the constitutional right of free speech in connection with a public issue or an issue of public interest." (§ 425.16, subd. (e).)

As already indicated, a defendant seeking to strike a plaintiff's complaint under section 425.16 has the burden of making a prima facie showing that the plaintiff's allegations are subject to that section. (*Braun v. Chronicle Publishing Co., supra,* 52 Cal.App.4th at p. 1042.) Only if the defendant satisfies that burden, will it then fall to the plaintiff to establish the required "probability" of success. (*Kyle v. Carmon* (1999) 71 Cal.App.4th 901, 907 [84 Cal.Rptr.2d 303].) The defendant's burden requires that it demonstrate that the plaintiff's cause of action arose from some act of the defendant that was taken *in furtherance of* the defendant's constitutional rights of petition or free speech. (*Equilon Enterprises v. Consumer Cause, Inc., supra,* 29 Cal.4th 53, 67; *Chavez v. Mendoza* (2001) 94 Cal.App.4th 1083, 1087 [114 Cal.Rptr.2d 825].)

### 3. State Farm Did Not Meet Its Burden

The phrase "arising from" in section 425.16, subdivision (b)(1), has been interpreted to refer to "the act underlying the plaintiff's cause" or "the act which forms the basis for the plaintiff's cause of action" and that such act must have been one done in furtherance of the right of petition or free speech. "In short, the statutory phrase 'cause of action . . . arising from'

means simply that the defendant's act underlying the plaintiff's cause of action must *itself* have been an act in furtherance of the right of petition or free speech. [Citation.] In the anti-SLAPP context, the critical point is whether the plaintiff's cause of action itself was *based on* an act in further-ance of the defendant's right of petition or free speech. [Citation.]" (*City of Cotati v. Cashman* (2002) 29 Cal.4th 69, 78 [124 Cal.Rptr.2d 519, 52 P.3d 695], italics in original.) "In deciding whether the 'arising from' requirement is met, a court considers 'the pleadings, and supporting and opposing affidavits stating the facts upon which the liability or defense is based.' (§ 425.16, subd. (b).)" (*Id.* at p. 79.)

██ The mere fact that a plaintiff has filed an action after a defendant has engaged in some protected activity does not mean that the plaintiff's action *arose* from that activity. "The anti-SLAPP statute cannot be read to mean that 'any claim asserted in an action which arguably was filed in retaliation for the exercise of speech or petition rights falls under section 425.16, whether or not the claim is *based on* conduct in exercise of those rights.' [Citations.]" (*City of Cotati v. Cashman, supra,* 29 Cal.4th at p. 77 [a city's state court action for declaratory relief to determine the validity of an ordinance did not constitute a SLAPP suit merely because it followed a suit in federal court by a mobilehome park owner attacking that same ordinance; the city's action *"arose"* not from the owner's prior federal suit, but rather from the controversy underlying both actions—the constitutionality of the city's ordinance].) As the Supreme Court put it in another case, "the mere fact that an action was filed after protected activity took place does not mean the action arose from that activity for the purposes of the anti-SLAPP statute. [Citation.] Moreover, that a cause of action arguably may have been 'triggered' by protected activity does not entail it is one arising from such. [Citation.] In the anti-SLAPP context, the critical consideration is whether the cause of action is *based on* the defendant's protected free speech or petitioning activity. [Citations.]" (*Navellier v. Sletten* (2002) 29 Cal.4th 82, 89 [124 Cal.Rptr.2d 530, 52 P.3d 703], italics in original; see also *Equilon Enterprises v. Consumer Cause, Inc., supra,* 29 Cal.4th at p. 66.)

It has been recognized, for example, that a defendant's submission of contractual claims for payment prior to commencement of litigation or an insurer's complaint alleging the submission of false and fraudulent damage reports and repair estimates prior to the commencement of litigation do not constitute acts done in furtherance of the right of petition or free speech within the meaning of anti-SLAPP statute. (See *Kajima Engineering & Construction, Inc. v. City of Los Angeles* (2002) 95 Cal.App.4th 921, 932 [116 Cal.Rptr.2d 187].)

In another recent decision, a court held that an insurer's filing of a declaratory relief action to determine coverage under its policy did not constitute a SLAPP suit intended to chill the petition rights of the third party claimants who had sued the insurer's insured. (*State Farm General Ins. Co. v. Majorino* (2002) 99 Cal.App.4th 974, 977-978 [121 Cal.Rptr.2d 719].) Similarly to the position State Farm has taken here, the appellants in *Majorino* argued that the insurer's declaratory relief action had "arisen" from the appellants' personal injury action against the insured. The court in *Majorino* rejected this analysis. "Appellants' personal injury suit against the [insured] did trigger the chain of events that caused [the insurer] to seek a judicial declaration of its coverage obligations. And the nature of the claims in the underlying personal injury case frames the scope of coverage under the . . . policy. But the action for declaratory relief *arose* from the tender of defense and the terms of an insurance policy issued well before the underlying litigation commenced, not from the litigation process itself. [Citation.]" (*Id.* at p. 977, italics in original; see also *City of Cotati v. Cashman, supra,* 29 Cal.4th at pp. 79-80.) ▮ In the case before us, the DOI report may have similarly "triggered" plaintiff's action, but that action did not "*arise from*" such report nor from any communication by State Farm to the DOI in connection therewith.

As plaintiff exhaustively argues, his complaint alleges that State Farm engaged in certain claims handling misconduct and violated a number of statutory and regulatory rules. He seeks, on behalf of the general public, to call State Farm to task for *that conduct.* Plaintiff seeks no recovery from State Farm for State Farm's activity in *communicating information* to DOI, nor does he allege that any such communication was wrongful or the cause of any injury to him. The allegations that State Farm engaged in claims handling misconduct do not charge an act that State Farm could or would argue was done by it "in furtherance of" its petition or free speech rights.

We thus conclude that the alleged wrongful acts of State Farm were not done in furtherance of any claimed right of petition or free speech. Indeed, State Farm does not really claim otherwise. It argues instead that plaintiff is alleging that State Farm's communications to DOI (which allegedly contain or constitute *evidence* of such wrongdoing) were protected communications, and to allow plaintiff to rely on them to prosecute this action would effectively interfere with State Farm's right to freely communicate with its regulatory agency. We reject this argument out of hand. This contention confuses State Farm's allegedly *wrongful acts* with the *evidence* that plaintiff will need to prove such misconduct. Plaintiff seeks no relief from State Farm for its communicative acts, but rather for its alleged mistreatment of policyholders and its related violations and evasions of statutory and regulatory mandates. Even State Farm does not argue that such activity would be protected as an exercise of a right of petition or free speech.

State Farm cites us to numerous cases (see e.g., *Briggs v. Eden Council for Hope and Opportunity* (1999) 19 Cal.4th 1106, 1109-1116 [81 Cal.Rptr.2d 471, 969 P.2d 564]; *DuPont Merck Pharmaceutical Co. v. Superior Court* (2000) 78 Cal.App.4th 562, 566 [92 Cal.Rptr.2d 755]; *Dove Audio, Inc. v. Rosenfeld, Meyer & Susman* (1996) 47 Cal.App.4th 777, 784 [54 Cal.Rptr.2d 830]; *LaFayette Morehouse, Inc. v. Chronicle Publishing Co.* (1995) 37 Cal.App.4th 855, 859-864 [44 Cal.Rptr.2d 46]; *Tiedemann v. Superior Court* (1978) 83 Cal.App.3d 918, 924 [148 Cal.Rptr. 242]), all of which are inapposite. In each of those cases it was the defendant's protected acts of speech that were the acts complained of in the plaintiff's suit (in which such tortious claims as defamation, false and misleading statements in violation of Bus. & Prof. Code, § 17500, and so forth, were alleged).[9] These cases are of no help at all to the argument made here by State Farm.

As the authorities discussed above make clear, that plaintiff filed his action shortly after allegedly confidential information from DOI's market condition examination report became public does not mean, as State Farm repeatedly argues, that plaintiff's complaint "arises from" or is "based upon" the State Farm information included therein. It means only that the disclosure of such information may have served as a catalyst for the filing of the complaint and, plaintiff hopes, will serve as a rich evidentiary source to help him prove his allegations. Plaintiff's hopeful expectancies may or may not be realized but, as we have already stated, State Farm's argument clearly confuses the *acts* of alleged misconduct with the *evidence* needed to prove them.

State Farm may well be correct that plaintiff is relying on evidentiary matter that is both confidential and privileged and perhaps inadmissible to prove the allegations of the complaint. If so, there may be other possible remedies available to State Farm to address the problem (e.g., a motion for (1) a summary judgment, (2) an in limine order or (3) an appropriate protective order). A special motion to strike under section 425.16, however, is not one of them.

4. *The Attorney's Fee Award Must Be Reversed*

Section 425.16, subdivision (c),[10] permits recovery of attorney's fees by a "prevailing defendant." Based on the trial court's granting of State Farm's

[9]"The favored causes of action in SLAPP suits are defamation, various business torts such as interference with prospective economic advantage, nuisance and intentional infliction of emotional distress." (*Wilcox v. Superior Court, supra,* 27 Cal.App.4th at p. 816.)

[10]Section 425.16, subdivision (c) provides: "(c) In any action subject to subdivision (b), a *prevailing* defendant on a special motion to strike shall be entitled to recover his or her

special motion to strike, an award of fees was mandated. In view of our reversal of that order, however, the attorney's fee award no longer has a legal basis and must necessarily fall as well. We thus have no reason to reach or discuss the extensive arguments submitted by the parties on the question of the reasonableness of the amount of fees awarded by the trial court.

Upon remand, plaintiff may be entitled to recover *his* fees provided he can demonstrate to the trial court that State Farm's special motion to strike was either "frivolous" or was "solely intended to cause unnecessary delay." We express no opinion on the merits of such a potential claim.

### DISPOSITION

The judgment of dismissal (No. B147937) and the order for attorney's fees (No. B156219) are reversed. The matter is remanded for further proceedings consistent with the views expressed herein. Plaintiff shall recover his costs on appeal.

Klein, P. J., and Kitching, J., concurred.

Respondents' petition for review by the Supreme Court was denied January 29, 2003.

---

attorney's fees and costs. If the court finds that a special motion to strike is frivolous or is solely intended to cause unnecessary delay, the court shall award costs and reasonable attorney's fees to a plaintiff prevailing on the motion, pursuant to Section 128.5." (Italics added.)