Filed 11/26/13  Futorian v. Waldman CA1/5

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| DEBRA FUTORIAN, | |
| **Plaintiff and Appellant,** | A138226 |
| v. | |
| DAN WALDMAN et al., | (San Francisco City and County |
| **Defendants and Respondents.** | Super. Ct. No. CGC-12-524288) |

Plaintiff Debra Futorian (appellant) appeals from an order granting a special motion to strike pursuant to the anti-SLAPP[1] statute (Code Civ. Proc., § 425.16)[2] filed by defendants Dan Waldman et al. (respondents).[3]  Appellant contends the trial court erred in concluding that her cause of action for malicious prosecution arises from protected activity and that she failed to show a probability of prevailing on the claim.  We affirm.

BACKGROUND

In September 2012, appellant filed a complaint against respondents alleging a single cause of action for malicious prosecution.  The complaint alleges:  "On 24 April

---

[1]  SLAPP is an acronym for "strategic lawsuit against public participation."  (*Equilon Enterprises v. Consumer Cause, Inc.* (2002) 29 Cal.4th 53, 57, fn. 1.)

[2]  All undesignated section references are to the Code of Civil Procedure.

[3]  Respondents are Dan Waldman, Regina Waldman, Serge Berguig, Maud Berguig, and Powell Street Investors.

2012, defendants herein instituted or caused POWELL STREET INVESTORS to initiate a civil action against plaintiff in the Superior Court of California, County of San Francisco. The complaint for unlawful detainer was based upon a three-day notice to quit that was alleged to have been served on plaintiff by defendant POWELL STREET INVESTORS that demanded that plaintiff surrender possession of the premises to defendants within three days due to alleged just cause that plaintiff was committing or permitting the existence of a nuisance on the premises, to wit, that she was causing destruction to the premises."

In October 2012, respondents moved to strike the action pursuant to section 425.16. In January 2013, the trial court granted the motion.[4] This appeal followed.

DISCUSSION

I.      *Summary of Section 425.16*

"In 1992, the Legislature enacted section 425.16 in an effort to curtail lawsuits brought primarily 'to chill the valid exercise of . . . freedom of speech and petition for redress of grievances' and 'to encourage continued participation in matters of public significance.' (§ 425.16, subd. (a).) The section authorizes a special motion to strike '[a] cause of action against a person arising from any act of that person in furtherance of the person's right of petition or free speech under the United States [Constitution] or [the] California Constitution in connection with a public issue . . . .' (§ 425.16, subd. (b)(1).) The goal is to eliminate meritless or retaliatory litigation at an early stage of the proceedings. [Citations.] The statute directs the trial court to grant the special motion to strike 'unless the court determines that the plaintiff has established that there is a probability that the plaintiff will prevail on the claim.' (§ 425.16, subd. (b)(1).)

"The statutory language establishes a two-part test. First, it must be determined whether the plaintiff's cause of action arose from acts by the defendant in furtherance of

---

**4**   The trial court's order purports to strike the complaint, but section 425.16 authorizes only the striking of a "cause of action." In any event, because the complaint alleges only one cause of action it would have been proper to dismiss the complaint after granting the motion to strike the malicious prosecution claim. We construe the trial court's order as doing so.

the defendant's right of petition or free speech in connection with a public issue. [Citation.] 'A defendant meets this burden by demonstrating that the *act underlying* the plaintiff's cause fits one of the categories spelled out in section 425.16, subdivision (e).' [Citation.] Assuming this threshold condition is satisfied, it must then be determined that the plaintiff has established a reasonable probability of success on his or her claims at trial." (*Gallimore v. State Farm Fire & Casualty Ins. Co.* (2002) 102 Cal.App.4th 1388, 1395-1396, fn. omitted.) "Whether section 425.16 applies and whether the plaintiff has shown a probability of prevailing are both legal questions which we review independently on appeal. [Citations.]" (*Id.* at p. 1396.) The statute provides that section 425.16 "shall be construed broadly." (§ 425.16, subd. (a).)

II. *"Arising From"*

"A defendant who files a special motion to strike bears the initial burden of demonstrating that the challenged cause of action arises from protected activity. [Citations.]" (*Peregrine Funding, Inc. v. Sheppard Mullin Richter & Hampton LLP* (2005) 133 Cal.App.4th 658, 669.) There is little dispute that, on its face, appellant's suit arises from protected activity: "The plain language of the anti-SLAPP statute dictates that every claim of malicious prosecution is a cause of action arising from protected activity because every such claim necessarily depends upon written and oral statements in a prior judicial proceeding. [Citation.]" (*Daniels v. Robbins* (2010) 182 Cal.App.4th 204, 215 (*Daniels*); see also *Jarrow Formulas, Inc. v. LaMarche* (2003) 31 Cal.4th 728, 734-735; *id.*, at p. 735 ["By definition, a malicious prosecution suit alleges that the defendant committed a tort by filing a lawsuit. [Citation.] Accordingly, every Court of Appeal that has addressed the question has concluded that malicious prosecution causes of action fall within the purview of the anti-SLAPP statute. [Citations.]"].)

Appellant does not dispute that malicious prosecution claims generally arise from protected activity. Nevertheless, she contends the present case falls within the rule adopted by the California Supreme Court in *Flatley v. Mauro* (2006) 39 Cal.4th 299 (*Flatley*). *Flatley* held that, where "the defendant concedes, or the evidence conclusively establishes, that the assertedly protected speech or petition activity was illegal as a matter

3

of law," such activity will not support a special motion to strike. (*Id.* at p. 320; see also *id.* at pp. 316-317.) Appellant argues *Flatley* applies in the present case because respondents' attempt to evict her was illegal in various respects, including the identity of the named plaintiff in the eviction action, the failure to provide details regarding the alleged damages to the apartment in which appellant resides, the specification of an improper ground for eviction, and the failure to accommodate her disability.

Appellant's argument fails. "The term 'illegal' in *Flatley* means criminal, not merely violative of a statute. . . . This is because 'a reading of *Flatley* to push any statutory violation outside the reach of the anti-SLAPP statute would greatly weaken the constitutional interests which the statute is designed to protect . . . [and a] plaintiff's complaint always alleges a defendant engaged in illegal conduct in that it violated some common law standard of conduct or statutory prohibition . . . .' " (*Price v. Operating Engineers Local Union No. 3* (2011) 195 Cal.App.4th 962, 971, quoting *Mendoza v. ADP Screening & Selection Services, Inc.* (2010) 182 Cal.App.4th 1644, 1654.) Appellant has not alleged the filing of the unlawful detainer action was criminal; *Flatley* does not affect our analysis.

The trial court properly concluded appellant's claim is within the scope of section 425.16.

III. *Probability of Prevailing*

In order to establish a probability of prevailing for purposes of section 425.16, subdivision (b)(1), " 'the plaintiff "must demonstrate that the complaint is both legally sufficient and supported by a sufficient prima facie showing of facts to sustain a favorable judgment if the evidence submitted by the plaintiff is credited." ' [Citations.]" (*Navellier v. Sletten* (2002) 29 Cal.4th 82, 88-89.)

"The elements of a cause of action for malicious prosecution are: (1) a favorable determination on the merits of the underlying action, (2) which was brought without probable cause, and (3) which was initiated with malice. [Citation.]" (*Contemporary Services Corp. v. Staff Pro Inc.* (2007) 152 Cal.App.4th 1043, 1056; see also *Daniels*, *supra*, 182 Cal.App.4th at p. 216.) In the present case, respondents contend appellant

4

failed to show a probability of prevailing on any of those elements. Because appellant "had to demonstrate a probability of prevailing with respect to each of the elements of [the] malicious prosecution action" (*StaffPro, Inc. v. Elite Show Services, Inc.* (2006) 136 Cal.App.4th 1392, 1398), it is sufficient to affirm the trial court's ruling if appellant failed to demonstrate such a probability as to any one of the three elements.

We focus on the second element, whether the unlawful detainer action was brought without probable cause. " ' "[P]robable cause is lacking 'when a prospective plaintiff and counsel do not have evidence sufficient to uphold a favorable judgment or information affording an inference that such evidence can be obtained for trial.' " ' [Citation.] ' "In a situation of complete absence of supporting evidence, it cannot be adjudged reasonable to prosecute a claim." ' [Citation.]" (*Daniels*, *supra*, 182 Cal.App.4th at pp. 222-223.) In their section 425.16 motion and on appeal, respondents argued appellant cannot establish an actionable lack of probable cause because the filing of the unlawful detainer action was based on advice of counsel. "Good faith reliance on the advice of counsel, after truthful disclosure of all the relevant facts, is a complete defense to a malicious prosecution claim." (*Bisno v. Douglas Emmett Realty Fund 1988* (2009) 174 Cal.App.4th 1534, 1544 (*Bisno*), citing *Bertero v. National General Corp.* (1974) 13 Cal.3d 43, 53-54 (*Bertero*); see also *Sosinsky v. Grant* (1992) 6 Cal.App.4th 1548, 1556.) "[C]ounsel's advice must be sought in good faith [citation] and '. . . not as a mere cloak to protect one against a suit for malicious prosecution.' [Citation.]" (*Bertero*, at p. 54.) "[I]f the initiator acts in bad faith or withholds from counsel facts he knew or should have known would defeat a cause of action otherwise appearing from the information supplied, that defense fails. [Citations.]" (*Id.* at pp. 53-54.)

In a declaration submitted in support of the section 425.16 motion, Jennifer Bremer, "CEO" of Waldman Management Group and an agent for respondent Powell Street Investors, averred she "contacted and retained the attorney of record, Daniel R. Stern, Esq., in order to seek and obtain the advice in regard to an issue regarding the condition of" appellant's apartment. Bremer disclosed to Stern a "long history of [appellant] failing to maintain" her apartment "in a habitable condition." Stern requested

5

"photographic documentation" of appellant's apartment "in order to determine if [appellant's] failure to maintain" her apartment "arose to a level which would provide probable cause to and support, the service of a three day notice . . . and support an Unlawful Detainer Proceeding should [appellant] fail to timely vacate pursuant to the Notice." Bremer provided Stern certain photographs of appellant's apartment, and Stern advised her appellant's "failure to maintain [her apartment] in a habitable condition did provide probable cause and a just cause to serve [appellant] with a three day notice premised on nuisance/waste and that probable cause existed to pursue an eviction regarding the same." "Based on" that advice, Bremer authorized service of the three-day notice and the subsequent filing of the unlawful detainer action. In another declaration, Stern, respondents' counsel in the unlawful detainer action, averred to the same circumstances from his perspective.

"When evaluating an affirmative defense in connection with the second prong of the analysis of an anti-SLAPP motion, the court, following the summary-judgment-like rubric, generally should consider whether the defendant's evidence in support of an affirmative defense is sufficient, and if so, whether the plaintiff has introduced contrary evidence, which, if accepted, would negate the defense. [Citations.]" (*Bently Reserve LP v. Papaliolios* (2013) 218 Cal.App.4th 418, 434, fn. omitted; see also *Dwight R. v. Christy B.* (2013) 212 Cal.App.4th 697, 715.) The declarations submitted by respondents are sufficient to support the affirmative defense of good faith reliance on the advice of counsel. Appellant, who failed to file a reply brief, does not argue to the contrary. In particular, she does not argue that respondents failed to disclose to their attorney any "known facts, such as statements, events, or circumstances," that could have affected the advice they received. (*Bisno*, *supra*, 174 Cal.App.4th at p. 1545.) Because appellant failed to respond to respondents' showing with evidence that the advice of counsel defense is inapplicable, appellant failed to show a probability of prevailing on her malicious prosecution claim.

Because appellant failed to show a probability of prevailing on her claim, the trial court properly granted respondents' section 425.16 motion.[5]

## DISPOSITION

The trial court's judgment is affirmed and the matter is remanded for further proceedings consistent with this decision. Costs on appeal are awarded to respondents.

 

SIMONS, Acting P.J.

We concur.

NEEDHAM, J.

BRUINIERS, J.

---

[5] Appellant's June 13, 2013 request for judicial notice is denied because the materials that are the subject of the request are not necessary for resolution of the appeal.