Filed 9/18/14  T.R. & B Property v. Lincoln Best Hotel CA2/4

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| T.R. & B PROPERTY, LLC, | B249168 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. GC050743) |
| v. | |
| LINCOLN BEST HOTEL, INC., | |
| Defendant and Appellant. | |

APPEAL from orders of the Superior Court of Los Angeles Country, C. Edward Simpson and Donna Fields Goldstein, Judges.  Affirmed.

Fink & Steinberg, S. Keven Steinberg and Olaf J. Muller, for Defendant and Appellant.

Law Offices of Kenneth I. Gross & Assoc., Kenneth I. Gross and Thomas D. Shambaugh, for Plaintiff and Respondent.

_____

Appellant Lincoln Best Hotel, Inc. appeals from an order denying its special motion to strike respondent T.R. & B Property, LLC's complaint pursuant to Code of Civil Procedure section 425.16,[1] the anti-SLAPP statute,[2] and the trial court's order awarding $5,122.30 in attorney fees to respondent pursuant to section 425.16, subdivision (c)(1). We affirm both orders.

## FACTUAL AND PROCEDURAL SUMMARY

In 2005, respondent sold the Lincoln Plaza Hotel to appellant. To finance the purchase of the property, respondent loaned $1,500,000 to appellant, payable over five years. As part of this agreement, $250,000 was held in escrow to satisfy any potential tax liability held by respondent that may have resulted in a lien against the property.

On February 12, 2007, the Internal Revenue Service (IRS) mailed a "Statement of Adjustment" to Lincoln Plaza Hotel, Inc., an entity created to manage and operate the Lincoln Plaza Hotel while it presumably was under respondent's ownership.[3] It notified Lincoln Plaza Hotel, Inc. that $93,663.78 was owed in taxes and penalties for the 2004 tax period. This letter, however, was mailed to appellant's address. On March 25, 2010, the IRS mailed a "Notice of Deficiency" addressed to Lincoln Plaza Hotel, Inc. but again delivered to appellant's address, alleging $90,395 owed in taxes and penalties for the 2005 tax period.

After another IRS letter was sent to appellant's address regarding taxes owed by Lincoln Plaza Hotel, Inc., appellant began conducting its own inquiries into the matter. During this time, appellant allegedly communicated with the IRS regarding the tax obligations to determine whether a lien could be placed against the Lincoln Plaza Hotel.

---

[1]     Subsequent statutory references are to the Code of Civil Procedure.

[2]     SLAPP is an acronym for strategic lawsuit against public participation.

[3]     The parties disagree which company—Lincoln Plaza Hotel, Inc. or respondent—actually owned the Lincoln Plaza Hotel until 2005 and to which company the tax liabilities attached. As these determinations are not relevant to the disposition of the appeal, we do not address them here.

Appellant refused to release the $250,000 held in escrow, claiming that the tax obligations were still pending.

Respondent filed a complaint on January 7, 2013 seeking declaratory relief and rescission of the escrow agreement. Respondent argued that Lincoln Plaza Hotel, Inc. never held an ownership interest in the hotel so its tax obligations could not be satisfied by a lien on the hotel and, in any case, the "matter [involving the IRS notices] ha[d] been resolved." On March 14, 2013, appellant filed an anti-SLAPP motion. The trial court denied the motion, finding that the "action does not arise from [appellant's] exercise of free speech and/or petition rights." Respondent then filed a motion for attorney fees under section 425.16, subdivision (c)(1), alleging that appellant's motion was frivolous. The trial court granted the motion and awarded $5,122.30 to respondent. This timely appeal followed.

## DISCUSSION

### I

Section 425.16 was enacted to respond to the "disturbing increase in lawsuits brought primarily to chill the valid exercise of constitutional rights of freedom of speech and petition for the redress of grievances." (§ 425.16, subd. (a).) The Legislature deemed it was in the public interest to "encourage continued participation in matters of public significance, and that this participation should not be chilled through abuse of the judicial process." (*Ibid.*)

When evaluating a defendant's anti-SLAPP motion, the court engages in a two-step process. "First, the court decides whether the defendant has made a threshold showing that the challenged cause of action is one arising from protected activity. The moving defendant's burden is to demonstrate that the act or acts of which the plaintiff complains were taken 'in furtherance of the [defendant's] right of petition or free speech under the United States or California Constitution in connection with a public issue,' as defined in the statute." (*Equilon Enterprises v. Consumer Cause, Inc.* (2002) 29 Cal.4th 53, 67.) Once this threshold has been met, the court determines the probability that the plaintiff will prevail on the claim using "'the pleadings, and supporting and opposing

3

affidavits stating the facts upon which the liability or defense is based.'" (*Ibid.*) A trial court's order granting or denying an anti-SLAPP statute is reviewed de novo. (*Flatley v. Mauro* (2006) 39 Cal.4th 299, 325.)

A. *Respondent's Claim Does Not Arise from Protected Activity*

Appellant argues that "Respondent TR&B indisputably has sued Appellant Lincoln Best for refusing to relinquish the $250,000 earmarked to pay federal tax obligations relating to the hotel." Respondent does not dispute this, stating that "TR&B's motivation for the underlying lawsuit is to obtain the return of the money." However, appellant further argues that because a communication with the IRS was involved in its decision not to release the funds to respondent, its claim arises out of a protected right to free speech.

We considered a similar claim in *Personal Court Reporters, Inc. v. Rand* (2012) 205 Cal.App.4th 182. The underlying action in that case was a contract claim: the plaintiffs had provided court reporting services to defendants and were seeking payment under the contract. (*Id.* at p. 186.) Defendants filed an anti-SLAPP motion, claiming that "all of the conduct alleged in the complaint had occurred during protected legal proceedings." (*Ibid.*) Plaintiffs, however, characterized the suit as arising out of defendants' failure to pay a bill. (*Id.* at p. 187.) We agreed that "the nonpayment of overdue invoices" was "nonprotected activity" and affirmed the dismissal of defendants' motion. (*Id.* at p. 190.)

Similar to *Personal Court Reporters, Inc. v. Rand*, the claim by respondent involves a payment of money. Although "[n]othing in the statute itself categorically excludes any particular type of action from its operation" (*Navellier v. Sletten* (2002) 29 Cal.4th 82, 92), and it is possible that a contract claim may chill a protected expression of speech, this is not such a case. The conduct targeted by respondent's complaint was the nonpayment of the $250,000, not appellant's communication with the IRS. Respondent does not seek to recover for appellant's "communicative acts" with regard to the IRS. (See *Gallimore v. State Farm Fire & Casualty Ins. Co.* (2002) 102 Cal.App.4th 1388, 1399.) Though the communication may have "'triggered'" appellant

4

to act in a way that resulted in the lawsuit, the lawsuit itself is not "based on" the speech. (*Navellier v. Sletten*, *supra*, at p. 89, italics omitted; *Gallimore v. State Farm Fire & Casualty Ins. Co.*, *supra*, at p. 1398 ["The mere fact that a plaintiff has filed an action after a defendant has engaged in some protected activity does not mean that the plaintiff's actions *arose* from that activity."].) Appellant fails to make a threshold showing that the underlying complaint targets protected activity.

Because we hold the first prong of the test has not been met, we do not address the merits of respondent's underlying complaint.[4]

## II

Appellant appeals the trial court's award of attorney fees to respondent pursuant to section 425.16, subdivision (c)(1). Under this provision, "[i]f the court finds that a special motion to strike is frivolous or is solely intended to cause unnecessary delay, the court shall award costs and reasonable attorney's fees to a plaintiff prevailing on the motion, pursuant to Section 128.5." (§ 425.16, subd. (c)(1).) Section 128.5 defines "frivolous" as "totally and completely without merit" or "for the sole purpose of harassing an opposing party." An action is frivolous when "'"any reasonable attorney would agree such motion is totally devoid of merit." [Citation.]'" (*Moore v. Shaw* (2004) 116 Cal.App.4th 182, 199.) Respondent filed a motion for attorney fees under section 425.16, subdivision (c)(1) on the ground that appellant's special motion to strike

---

[4] Appellant argues its actions also are protected by the litigation privilege of Civil Code section 47, subdivision (b), bringing its communications under the scope of section 425.16. For statements to be protected by the litigation privilege, the communication must be made "in furtherance of the objects of the litigation." (*Silberg v. Anderson* (1990) 50 Cal.3d 205, 219.) However, it is unclear from the record whether appellant communicated with the IRS in furtherance of impending litigation; rather, it seems appellant was simply attempting to determine what tax obligations, if any, belonged to respondent.

More fundamentally, whether the litigation privilege would bring appellant's communications with the IRS under the protection of section 425.16 is not the key issue. Appellant is unable to make a threshold showing for the first prong because respondent's cause of action did not *arise out of* appellant's protected activities, not necessarily because appellant's communications do not qualify as protected activities. Thus, the litigation privilege argument does not affect our decision.

5

was frivolous. The trial court granted the motion. We review the trial court's order for abuse of discretion. (*Ibid.*)

An abuse of discretion is not shown. The trial court noted that "[a] reasonable attorney would not file the Defendant's motion to strike because it cannot be argued in good faith that the Plaintiff's claims arise from the Defendant's exercise of free speech or the right to petition." We agree with this assessment. With a wealth of case law on the issue, it should be clear to any reasonable attorney that "a business dispute that simply mentions incidental protected activity is not subject to the anti-SLAPP statute." (*Baharian-Mehr v. Smith* (2010) 189 Cal.App.4th 265, 275.) The underlying claim involves a dispute over whether respondent is entitled to the return of its $250,000. It does not seek to suppress appellant's freedom of speech or right to petition. In fact, it does not target speech at all. Because the trial court did not abuse its discretion in finding appellant's special motion to strike was completely devoid of merit, we affirm the trial court's order.

## DISPOSITION

The orders are affirmed. Respondent is entitled to its costs on appeal.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

EPSTEIN, P. J.

We concur:

MANELLA, J.

COLLINS, J.

6