Filed 6/15/15  Sampson v. Nieto CA1/5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| KRISTA SAMPSON,<br><br>　　　Plaintiff and Appellant,<br><br>v.<br><br>KEVIN NIETO et al.,<br><br>　　　Defendants and Respondents. | A142947<br><br>(Alameda County<br>Super. Ct. No. RG14708892) |

Plaintiff and appellant Krista Sampson appeals from the trial court's order granting respondents' Code of Civil Procedure section 425.16[1] motion to strike.  We affirm.

BACKGROUND

This case arises from juvenile dependency proceedings initiated by the Alameda County Social Services Agency pursuant to Welfare and Institutions Code section 300, subdivision (b).  The Agency alleged appellant's three children ("the minors") were within the jurisdiction of the juvenile court due to appellant's anger management problem, physical abuse, and drug use.  Respondent East Bay Children's Law Offices, Inc. ("EBCLO") was appointed by the juvenile court to serve as legal counsel to the minors, and respondent Kevin Nieto was the EBCLO attorney assigned to the matter.

The juvenile court ultimately assumed jurisdiction over the minors, removed them from appellant's custody, and made other orders limiting appellant's contact and

_____

[1] All undesignated statutory references are to the Code of Civil Procedure.

1

involvement with the minors. This court affirmed in an unpublished decision, *In re L.P.* (Mar. 19, 2013, A135810) (*In re L.P.*).

In January 2014, appellant filed suit against respondents asserting claims for libel, intentional infliction of emotional distress, and abuse of process. The claims were largely based on an application and affidavit for a restraining order against appellant filed by respondents in the dependency proceedings.

In May 2014, respondents moved to strike appellant's complaint pursuant to section 425.16. Appellant did not file an opposition, and the trial court granted the motion. This appeal followed.

DISCUSSION

Section 425.16 "authorizes a special motion to strike '[a] cause of action against a person arising from any act of that person in furtherance of the person's right of petition or free speech under the United States [Constitution] or [the] California Constitution in connection with a public issue . . . .' (§ 425.16, subd. (b)(1).) The goal is to eliminate meritless or retaliatory litigation at an early stage of the proceedings. [Citations.] The statute directs the trial court to grant the special motion to strike 'unless the court determines that the plaintiff has established that there is a probability that the plaintiff will prevail on the claim.' (§ 425.16, subd. (b)(1).)" (*Gallimore v. State Farm Fire & Casualty Ins. Co.* (2002) 102 Cal.App.4th 1388, 1395–1396, fn. omitted.)

The trial court concluded appellant's claims were within the scope of section 425.16 because they arose from respondents' conduct in furtherance of speech and petitioning rights because the claims were based wholly or largely on respondents' statements and conduct in connection with the underlying dependency proceedings. (See, e.g., *Seltzer v. Barnes* (2010) 182 Cal.App.4th 953, 962.) The court further concluded appellant had failed to show a probability of prevailing on her claims, among other things because the claims are based on conduct protected by the litigation privilege of section 47, subdivision (b) of the Civil Code. (See, e.g., *Seltzer*, at pp. 969–970.)

In her brief on appeal, appellant failed to provide any reasoned argument or citations to authority supporting a contention that the trial court erred in its conclusions

2

on either step of the section 425.16 analysis.  Indeed, her brief argues only that the court erred in rendering certain orders in the underlying dependency proceeding, which is a claim this court rejected in *In re L.P.*, *supra*, A135810.  Any contention the trial court erred in granting the section 425.16 motion to strike has been forfeited.  (*Badie v. Bank of America* (1998) 67 Cal.App.4th 779, 784–785.)

Respondents request an award of attorney fees on appeal.  We will remand for the trial court to determine a reasonable award.  (*Dowling v. Zimmerman* (2001) 85 Cal.App.4th 1400, 1426.)

## DISPOSITION

The trial court's order granting respondents' motion to strike is affirmed.  The matter is remanded for a determination of a reasonable attorney fees award for respondents for the appeal.  Respondents are also awarded their costs on appeal.

_____

SIMONS, Acting P.J.

We concur.

_____

NEEDHAM, J.

_____

BRUINIERS, J.

3