Filed 10/30/15

**CERTIFIED FOR PARTIAL PUBLICATION**[*]

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| OLIVE PROPERTIES,<br><br>      Plaintiff and Respondent,<br><br>      v.<br><br>COOLWATERS ENTERPRISES, INC.,<br><br>      Defendant and Appellant. | B261105<br><br>(Los Angeles County<br>Super. Ct. No. NC059768) |

APPEAL from an order of the Superior Court of Los Angeles County, Ross M. Klein, Judge.  Affirmed.

Kimball, Tirey & St. John and Eli A. Gordon, for Plaintiff and Respondent.

The Justice Law Center and Lee H. Durst, for Defendant and Appellant.

_____

[*]      Pursuant to California Rules of Court, rules 8.1100 and 8.1110, this opinion is certified for partial publication.  The portions of this opinion to be deleted from publication are those portions enclosed within double brackets, **[[ ]].**

Defendant and appellant Coolwaters Enterprises, Inc., a commercial lessee (hereinafter, Tenant), appeals an order denying its special motion to strike an unlawful detainer complaint filed by plaintiff and respondent Olive Properties, L.P. (hereinafter, Landlord) and awarding Landlord attorney fees as sanctions for the expense of responding to the special motion to strike.[1]

Notwithstanding the plethora of appellate opinions "that [have] made the SLAPP acronym[2] a household word – at least in legal households" (*Paterno v. Superior Court* (2008) 163 Cal.App.4th 1342, 1345, fn. 1), we publish our opinion in this matter to address the potential for abuse of the anti-SLAPP statute in unlawful detainer litigation. The purpose of the unlawful detainer statutes " 'is to provide the landlord with a summary, expeditious way of getting back his property when a tenant fails to pay the rent or refuses to vacate the premises at the end of his tenancy.' [Citations.]" (*Board of Trustees of Leland Stanford Junior University v. Ham* (2013) 216 Cal.App.4th 330, 338.) Here, however, Tenant succeeded in stalling the unlawful detainer action for a protracted period of time by bringing a meritless special motion to strike.

Three weeks before Landlord filed the instant unlawful detainer action against Tenant for failure to pay rent and common area maintenance (CAM) charges, Tenant filed suit against Landlord for breach of the covenant of quiet enjoyment and negligent interference with prospective economic relations. Then, in response to the unlawful detainer complaint, Tenant filed a special motion to strike, asserting the unlawful detainer complaint arose out of Tenant's protected petitioning activity in filing the initial lawsuit. However, the unlawful detainer action clearly arose out of Tenant's unprotected activity

---

**1**     An order granting or denying a special motion to strike is appealable. (Code Civ. Proc., § 425.16, subd. (*i*), § 904.1, subd. (a)(13).)

     All further statutory references are to the Code of Civil Procedure, unless otherwise specified.

**2**     SLAPP stands for strategic lawsuit against public participation, and is codified in section 425.16. (*Paterno v. Superior Court*, *supra*, 163 Cal.App.4th at p. 1345, fn. 1.)

2

in failing to pay rent and CAM charges, rather than out of Tenant's protected petitioning activity in filing the prior lawsuit against Landlord. A nonpaying tenant should not be permitted to frustrate an unlawful detainer proceeding by initiating litigation against the landlord in order to bring a special motion to strike the landlord's subsequently filed unlawful detainer complaint, on the asserted ground that the unlawful detainer action arose out of the tenant's protected activity in filing the initial lawsuit. For these reasons, we affirm the trial court's order denying Tenant's special motion to strike and imposing monetary sanctions against Tenant for filing a frivolous special motion to strike.

### FACTUAL AND PROCEDURAL BACKGROUND

1. *The prior lawsuit*.

On October 15, 2014, Tenant, a shopping center lessee, filed a complaint against Landlord, alleging causes of action for breach of the covenant of quiet enjoyment and negligent interference with prospective economic relations. The gravamen of the action was that Landlord had leased a space "to a pizza and Italian Restaurant, which for the last 18 months has been taking all of the parking spaces in the shopping center," resulting in Tenant's customers being unable to patronize its business.

2. *The instant proceeding*.

a. *Landlord's unlawful detainer action against Tenant*.

On November 5, 2014, Landlord filed the instant unlawful detainer action against Tenant, seeking possession of the premises, past due rent of $16,940, past due CAM charges of $3,856, and attorney fees.

b. *Tenant's special motion to strike*.

On November 10, 2014, Tenant filed a special motion to strike the unlawful detainer complaint. Tenant asserted it "has a present pending lawsuit against [Landlord] and . . . the subject matter of that litigation is the basis for this unlawful detainer action." Tenant requested judicial notice of the complaint it filed against Landlord on October 15, 2014, and contended Landlord brought the unlawful detainer complaint

3

"because [Tenant] . . . has exercised its rights to seek redress for a wrong in the court system and use its right of freedom of speech."

        c. *Landlord's opposition to the special motion to strike*.

In opposition, Landlord contended Tenant failed to meet its initial burden to show that the unlawful detainer complaint arose from an act by Tenant in furtherance of its rights of petition or free speech. Landlord explained, "[w]hile [Tenant's] filing the [earlier] Civil Action is certainly an act in furtherance of the right to petition, the [Unlawful Detainer] Complaint was based upon a failure to pay rent and CAM charges – not on [Tenant's] filing of the Civil Action. The motion completely fails to explain how an unlawful detainer action based upon a failure to pay rent could plausibly be brought to chill [Tenant's] exercise of a [F]irst [A]mendment right."

Landlord further argued that even assuming Tenant had met its initial burden, Landlord could establish a prima facie case for unlawful detainer based upon Tenant's failure to pay rent and CAM charges.

Landlord also requested $3,392.50 in monetary sanctions for 11.5 hours of attorney time expended in responding to the special motion to strike. Landlord contended sanctions were warranted because the special motion to strike was frivolous and intended to cause unnecessary delay.

        d. *Trial court's ruling denying special motion to strike and imposing sanctions against Tenant.*

After taking judicial notice of Tenant's earlier complaint against Landlord, the trial court rejected Tenant's argument that the unlawful detainer complaint was retaliatory. "There are no declarations or any other type of evidence which would establish a retaliatory motive. [¶] The Court finds that [Tenant] failed to satisfy the first prong; the burden does not shift to [Landlord] to establish a prima facie case. [¶] . . . . [¶] The present [unlawful detainer] complaint does not reflect on its face that it is based on [Tenant's] petitioning activity. It is not sufficient that the unlawful detainer case follows

4

the Tenant's own complaint. Otherwise, every tenant could avoid an anticipated unlawful detainer by filing his own complaint, regardless of the merits."

The trial court further ruled that even assuming Tenant could satisfy the first prong of the section 425.16 analysis, Landlord's evidence was sufficient to establish a prima facie case.

The trial court also awarded $3,392.50 in attorney fees to Landlord, finding the special motion to strike was a "weak motion at best," and that Tenant filed the special motion to strike "for the purpose of delay."

Tenant filed a timely notice of appeal from the order denying its special motion to strike.[3]

## CONTENTIONS

Tenant contends the trial court erred in finding that it failed to meet its initial burden to establish that the unlawful detainer complaint arose from protected activity. Tenant also contends the trial court erred in awarding attorney fees to Landlord.

## DISCUSSION

1. *General principles regarding a special motion to strike.*

A special motion to strike "involves a two-step process. First, the defendant must make a prima facie showing that the plaintiff's 'cause of action . . . aris[es] from' an act by the defendant 'in furtherance of the [defendant's] right of petition or free speech . . . in connection with a public issue.' (§ 425.16, subd. (b)(1).) If a defendant meets this threshold showing, the cause of action shall be stricken unless the plaintiff can establish 'a probability that the plaintiff will prevail on the claim.' " (*Simpson Strong-Tie Co., Inc. v. Gore* (2010) 49 Cal.4th 12, 21, fn. omitted.)

On the first prong of the two-part test, in determining whether the anti-SLAPP statute applies, we analyze whether the defendant's (Tenant's) acts underlying the

---

[3] This court granted Landlord's motion for calendar preference and expedited the appeal. (§ 1179a [proceedings to recover possession of real property entitled to precedence].)

plaintiff's (Landlord's) cause of action were in furtherance of Tenant's right of petition or free speech. (*City of Cotati v. Cashman* (2002) 29 Cal.4th 69, 78.)

The "principal thrust or gravamen" of Landlord's claim determines whether section 425.16 applies. (*Martinez v. Metabolife Internat., Inc.* (2003) 113 Cal.App.4th 181, 188; accord *Club Members for an Honest Election v. Sierra Club* (2008) 45 Cal.4th 309, 319.) The " 'meaning of "gravamen" is clear; "gravamen" means the "material part of a grievance, charge, etc." [Citation.]' [Citation.] [¶] In the context of the anti-SLAPP statute, the 'gravamen is defined by the *acts on which liability is based . . . .*' [Citation.] The 'focus is on the principal thrust or gravamen of the causes of action, i.e., the *allegedly wrongful and injury-producing conduct* that provides the foundation for the claims. [Citations.]' [Citation.]" (*Renewable Resources Coalition, Inc. v. Pebble Mines Corp.* (2013) 218 Cal.App.4th 384, 396, original italics.)

Appellate review "of an order granting or denying a motion to strike under section 425.16 is de novo. [Citation.] We consider 'the pleadings, and supporting and opposing affidavits . . . upon which the liability or defense is based.' (§ 425.16, subd. (b)(2).) However, we neither 'weigh credibility [nor] compare the weight of the evidence. Rather, [we] accept as true the evidence favorable to the plaintiff [citation] and evaluate the defendant's evidence only to determine if it has defeated that submitted by the plaintiff as a matter of law.' [Citation.]" (*Soukup v. Law Offices of Herbert Hafif* (2006) 39 Cal.4th 260, 269, fn. 3.)

2. *Trial court properly denied special motion to strike because Tenant failed to meet its initial burden to show that Landlord's unlawful detainer complaint arose from protected activity.*

The theory of Tenant's special motion to strike is that its filing of the earlier lawsuit was protected activity from which Landlord's unlawful detainer action arose. However, the most that can be said about Tenant's theory is that its lawsuit against Landlord arguably "triggered" the unlawful detainer complaint. (*Navellier v. Sletten* (2002) 29 Cal.4th 82, 89 (*Navellier*).)

6

In *Navellier,* the Supreme Court explained, "the mere fact that an action was filed *after* protected activity took place does not mean the action arose from that activity for the purposes of the anti-SLAPP statute. [Citation.] Moreover, that a cause of action arguably may have been 'triggered' by protected activity does not entail that it is one arising from such. [Citation.] In the anti-SLAPP context, the critical consideration is whether the cause of action is *based on* the defendant's protected free speech or petitioning activity. [Citations.]" (*Navellier*, *supra*, 29 Cal.4th at p. 89, certain italics added.) Therefore, merely because Tenant's lawsuit for breach of the covenant of quiet enjoyment and negligent interference with prospective economic relations *preceded* Landlord's unlawful detainer action does not mean that the unlawful detainer action *arose from* Tenant's protected activity in bringing the prior lawsuit.

Rather, the critical consideration is whether Landlord's unlawful detainer action is *based on* Tenant's protected free speech or petitioning activity. (*Navellier*, *supra*, 29 Cal.4th at p. 89.) Review of the unlawful detainer complaint discloses that its gravamen is that Tenant allegedly failed to pay rent and CAM charges due under the lease agreement. A tenant's failure to pay rent and CAM charges is not an act in furtherance of the lessee's right of petition or free speech.

The trial court properly discerned that the unlawful detainer complaint was not based on Tenant's protected petitioning activity. As the trial court observed, for a tenant to bring a proper special motion to strike an unlawful detainer complaint, it is insufficient simply to show that the unlawful detainer complaint was filed *after* the lessee's complaint against the lessor. *Navellier* demonstrates that the sequence of the two lawsuits is not the test. (*Navellier*, *supra*, 29 Cal.4th at p. 89.) Thus, a nonpaying tenant should not be able to frustrate or stall an anticipated eviction by filing a preemptive complaint against the landlord, followed by a special motion to strike the landlord's unlawful detainer complaint on the ground it arose out of the tenant's protected petitioning activity in filing the first lawsuit.

7

We conclude the unlawful detainer complaint arose from Tenant's unprotected activity in allegedly failing to pay rent and CAM charges, rather than from its protected petitioning activity in filing the prior lawsuit. Because Tenant failed to meet its initial burden to show that the unlawful detainer complaint arose from protected activity, the burden never shifted to Landlord to show a probability of prevailing in the unlawful detainer action. Accordingly, the trial court properly denied Tenant's special motion to strike the unlawful detainer complaint.

3. *Tenant has not shown an abuse of discretion in the trial court's award of attorney fees to Landlord.*

Tenant's remaining contention is that the trial court erred in awarding attorney fees to Landlord pursuant to section 425.16, subdivision (c)(1). That section states in relevant part: "If the court finds that a special motion to strike is frivolous or is solely intended to cause unnecessary delay, the court shall award costs and reasonable attorneys fees to a plaintiff prevailing on the motion, pursuant to Section 128.5."

The trial court ruled that Tenant's special motion to strike "was a weak motion, at best, and an ordinary review of established legal authorities would have disclosed the inadequacies of the motion. The Court concludes that the motion was filed for the purpose of delay and awards $3,392.50 to [Landord] as prayed."

An order "awarding attorneys' fees pursuant to section 128.5, as incorporated in section 425.16, subdivision (c), is reviewed under the abuse of discretion test. [Citation.]" (*Gerbosi v. Gaims, Weil, West & Epstein, LLP* (2011) 193 Cal.App.4th 435, 450.) The "burden is on the party complaining to establish that discretion was abused. [Citation.]" (*Ibid*.)

On this record, the trial court properly found that Tenant's special motion to strike was clearly without merit and was brought for the purpose of stalling the unlawful detainer action. There is no question but that Landlord's unlawful detainer action arose out of Tenant's alleged nonpayment of rent and CAM charges, not out of its protected

8

activity in filing the earlier lawsuit.  Accordingly, Tenant has not demonstrated an abuse of discretion in the trial court's award of attorney fees to Landlord.

**[[ Begin nonpublished portion ]]**

**[[** 4.  *Landlord's motion for monetary sanctions on appeal.*

Landlord filed a motion to dismiss the instant appeal on the ground it is frivolous and was intended only to further delay the unlawful detainer proceeding.  Landlord also filed a motion for monetary sanctions for having to respond to a frivolous appeal, as well as a separate motion for additional monetary sanctions for Tenant having filed an opening brief which was not in compliance with the California Rules of Court, for a total request of $73,352.50.  This court deferred ruling on these various motions until consideration of the merits of Tenant's appeal.

Leaving aside whether this appeal is frivolous, the $73,352.50 requested by Landlord in appellate sanctions is excessive and is subject to denial on that basis alone. Landlord's respondent's brief essentially was a reiteration of its opposition papers below that Tenant failed to meet its burden to show that the unlawful detainer complaint arose out of protected activity.  At the trial court level, Landlord sought and obtained an award of $3,392.50 for the expense of opposing Tenant's special motion to strike.[4]  Landlord has requested more than 21 times that sum to compensate it for having to respond to this appeal.  As explained in *Serrano v. Unruh* (1982) 32 Cal.3d 621, " 'If . . . the Court were required to award a reasonable fee when an outrageously unreasonable one has been asked for, claimants would be encouraged to make unreasonable demands, knowing that the only unfavorable consequence of such misconduct would be reduction of their fee to what they should have asked for in the first place.' " (*Id.* at p. 635.)

---

[4]    In the court below, Landlord's papers showed that its attorneys had spent a total of 11.5 hours in opposing the special motion to strike, including 7.5 hours preparing a memorandum of points and authorities and declarations.

9

Accordingly, Landlord's request for $73,352.50 in sanctions on appeal, particularly in light of the $3,392.50 attorney fee award which it sought and obtained in the court below, is denied as excessive. **]]**

**[[ End nonpublished portion ]]**

**DISPOSITION**

The trial court's order denying the special motion to strike and awarding attorney fees to Respondent is affirmed. Respondent's motions to dismiss the appeal as frivolous, and for monetary sanctions on appeal, are denied. Respondent shall recover its costs on appeal.


**CERTIFIED FOR PUBLICATION**



EDMON, P. J.

We concur:



ALDRICH, J.



JONES, J.*

---

* Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

10