Filed 11/30/17

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| SANTA CLARA WASTE WATER COMPANY, | 2d Civil No.B278967 (Super. Ct. No. 56-2016-00485056-CU-WM-VTA) |
| Plaintiff and Respondent, | (Ventura County) |
| v. | |
| COUNTY OF VENTURA ENVIRONMENTAL HEALTH DIVISION, | |
| Defendant and Appellant. | |

A division of the county declares plaintiff to be in violation of regulations governing hazardous waste. It writes to plaintiff that it is referring the matter to the district attorney and it is not seeking administrative penalties. Plaintiff brings an action asserting its right to an administrative hearing to determine whether its chemicals constitute hazardous waste. Plaintiff complains that the division has no right to state plaintiff's chemicals are hazardous prior to such a hearing. The division responds with an anti-SLAPP motion to strike plaintiff's petition and complaint. (Code Civ. Proc., § 425.16.[1]) The trial

---

[1] All statutory references are to the Code of Civil Procedure unless otherwise stated.

court denied the motion. We reverse. Even the government has first amendment rights.

FACTS

The County of Ventura Environmental Health Division (Division) is responsible for the Unified Hazardous Waste and Hazardous Materials Management Regulatory Program. (Health & Saf. Code, § 25404 et seq.) The Division has jurisdiction over the Santa Clara Waste Water Company (SCWW), a nonhazardous waste treatment facility. SCWW does not have a permit to process hazardous waste.

There are two types of enforcement actions the Division can take. One is formal enforcement that mandates compliance and imposes sanctions. (Cal. Code Regs., tit. 27, § 15110, subd. (e)(1).) The other is informal enforcement that notifies a regulated business of noncompliance and establishes an action and date for correction, but does not impose sanctions. (*Id.*, subd. (e)(2).)

In November 2014, there was an explosion and fire at SCWW's treatment facility. That led to a criminal investigation by the Ventura County District Attorney. In November 2015, the Division assisted the district attorney in executing a search warrant on SCWW's Ventura County facility.

The Division discovered nineteen 275-gallon totes and seven 50-gallon drums of a chemical known as "Petromax" at SCWW's facility. The Division determined that 24 of the Petromax totes and drums were hazardous because of their high pH levels and that they were waste because they had been accumulated in lieu of disposal.

The day after the execution of the search warrant, the Division issued SCWW an inspection report and notice to

2

comply (NTC). The report and NTC cited a number of violations, including violations premised on the Division's determination that at least some of the Petromax is hazardous waste.

A letter from SCWW's counsel disputed that any of the Petromax was hazardous waste. A meet and confer between the parties failed to resolve the dispute.

In a letter to SCWW dated February 9, 2016, the Division explained its determination that at least some of the Petromax constituted hazardous waste. The letter stated in part: "Typically, if violations that are listed on a NTC are not corrected by the date specified in the NTC, the Division will issue a Notice of Violation (NOV) and then either pursue formal administrative enforcement or refer the matter to the Ventura County District Attorney's (DA) Office for criminal enforcement. However, since the DA's Office already has an active criminal enforcement case against SCWW, this Division does not anticipate pursuing separate administrative enforcement proceedings in this matter but we intend to refer any violations that remain uncorrected to the DA's Office, to the extent they are not already part of the DA's case."

On March 26, 2016, a grand jury indicted SCWW on the charge that Petromax is a hazardous waste.

The February 9 letter stated the Division would review any further information SCWW wishes to submit. Having received no further information, by letter dated June 15, 2016, the Division wrote to SCWW confirming its determination that SCWW's Petromax is hazardous waste. The letter was headed "Final Determination of Hazardous Waste Violations."

In July 2016, the Division again inspected SCWW's facilities. The Division issued another NTC based on its

3

determination that Petromax is a hazardous waste. SCWW's counsel wrote to the Division disputing that Petromax is a hazardous waste and objecting that the Division's administrative procedures are unfair and inadequate to protect SCWW's due process rights.

The Division again agreed to meet and confer with SCWW on whether Petromax is a hazardous waste. But the Division disputed SCWW's characterization of its administrative process. The Division's letter to SCWW dated July 21, 2016, stated in part:

"It is also important to note that this Division has not initiated a formal administrative enforcement action related to the Petromax violations, which would begin with the issuance of an administrative enforcement order (AEO), and also provides an opportunity for an administrative appeal. Instead, as previously explained, we intend to refer future violations as well as those violations that remain uncorrected to the District Attorney's Office for prosecution, since it has an active case against SCWW which involves violations at this facility."

*SCWW's Petition and Complaint*

On August 8, 2016, SCWW filed the instant petition for an alternate or peremptory writ of mandate and complaint for declaratory and injunctive relief.

In its petition, SCWW alleged that Petromax is not hazardous waste. It further alleged that the Division's unilateral decision determining Petromax to be hazardous waste without a fair and impartial administrative hearing violated the law and its due process rights. SCWW claimed: "[T]he County's unilateral decision that the Petromax purchased by SCWW is a 'waste' rather than a beneficial product deprives SCWW of its property

4

and its opportunity to conduct business, but also threatens SCWW and its employees with possible criminal and civil liability.  Worse yet, it sets up SCWW as being in violation every day forward with no ability to appeal or challenge the County's determination that the Petromax is a 'waste' and no longer a 'product.'"

SCWW requested:  a stay of enforcement of the NTC and the Division's decision that Petromax is waste; a writ of mandate requiring the Division to allow a fair and unbiased administrative review of its NTC and decision; notice and a hearing before the County may enforce its findings or refer SCWW to criminal or civil prosecution; and restitution.

The trial court denied SCWW's ex parte request for a temporary restraining order on the ground SCWW is not likely to prevail.  The court found, "[I]t appears that the [Division] has complied within the letter of the relevant codes and regulations, and that [the Division] has no obligation to proceed in the manner demanded by [SCWW]."

The trial court also sustained the Division's demurrer with leave to amend.

*Anti-SLAPP Motion*

The Division made a special motion to strike the petition as a strategic lawsuit against public participation (anti-SLAPP motion).  (§ 425.16.)  The trial court agreed that the NTC and letters are protected activities.  But the court stated that SCWW's petition does not directly attack the NTC and letters. Instead, SCWW objects to the Division's refusal to provide an administrative hearing on whether Petromax constitutes hazardous waste.  The court reasoned SCWW's objection is to the lack of an administrative procedure, not the determination that

5

Petromax constitutes hazardous waste.  Thus, the court concluded SCWW's petition did not attack a protected activity. The court denied the motion.

DISCUSSION

I

Section 425.16, subdivision (b)(1) provides:  "A cause of action against a person arising from any act of that person in furtherance of the person's right of petition or free speech under the United States Constitution or the California Constitution in connection with a public issue shall be subject to a special motion to strike, unless the court determines that the plaintiff has established that there is a probability that the plaintiff will prevail on the claim."

Section 425.16, subdivision (e) provides that such acts include "(1) any written or oral statement or writing made before a legislative, executive, or judicial proceeding, or any other official proceeding authorized by law" and "(2) any written or oral statement or writing made in connection with an issue under consideration or review by a legislative, executive, or judicial body, or any other official proceeding authorized by law."

A special motion to strike involves a two-step process. (*Olive Properties, L.P. v. Coolwaters Enterprises, Inc.* (2015) 241 Cal.App.4th 1169, 1174 (*Olive Properties*).)  First, the defendant must make a prima facie showing that the plaintiff's cause of action arises from an act in furtherance of the defendant's right of petition or free speech in connection with a public issue.  (*Ibid.*) If the defendant meets this threshold showing, the cause of action will be stricken unless plaintiff can establish a probability plaintiff can prevail on the claim.  (*Ibid.*)

6

The "'principal threat or gravamen'" of the plaintiff's claim determines whether the first prong of section 425.16 applies. (*Olive Properties*, *supra*, 241 Cal.App.4th at p. 1175.) The focus is on the allegedly wrongful conduct that provides the foundation for the plaintiff's claims. (*Ibid.*) Our review of the trial court's denial of the motion to strike is de novo. (*Ibid.*)

The California Constitution protects the free speech of government entities and public officials and such activities are within the scope of section 425.16. (*Vargas v. City of Salinas* (2009) 46 Cal.4th 1, 17.)

Here the gravamen of SCWW's petition is that the Division has no right to declare Petromax to be hazardous waste. SCWW claims that right rests exclusively with a neutral magistrate after notice and a hearing.

But the Division twice stated in writing that it intends to take no action other than to refer the matter to the district attorney. SCWW does not contend the Division has taken any other action. A police officer who witnesses a crime is not required to hold a hearing before a neutral magistrate before referring the matter to the district attorney. Neither is the Division.

In its petition, SCWW makes it clear that the focus of its attack is on the Division's statements. It requests a stay of enforcement of the "[Division's] decision that SCWW's inventory of Petromax is a 'waste' rather than a 'product'" and a stay of enforcement of the "[Division's] decision that SCWW's inventory of Petromax is a 'hazardous waste.'" Given that the only "enforcement" the Division has undertaken or plans to undertake is referral of the matter to the district attorney, the manifest purpose for the petition is to silence the Division.

7

In addition, SCWW's application for preliminary relief admits that the Division's decision and NTC are at the heart of SCWW's lawsuit. SCWW states in its application: "In this case the County made a decision and then issued a 'Notice to Comply' based on its decision that the Petromax is 'hazardous waste.' The County's Petromax decision and the Notice to Comply deprive SCWW of its property (the Petromax), the ability to use its property (the Petromax) and the ability to operate its business, with or without an enforcement action."

In other words, SCWW claims that the Division's decision and notice that Petromax is hazardous waste, by themselves, are causing SCWW harm even without an enforcement action. SCWW's lawsuit is simply attacking the Division's right of free speech.

Finally, SCWW admits in its respondent's brief on appeal that it seeks to gain advantage in the criminal prosecution against it by silencing the Division. SCWW states: "The felony criminal charges against [SCWW] in Case No. 2016009142 depend on the [Division's] administrative determination that Petromax is hazardous waste. If that hazardous waste determination is set aside, the [Ventura County District Attorney] will have no basis to continue to prosecute felony and misdemeanor counts relating to the storage and management of hazardous materials at [SCWW's] facility."

SCWW may wish to have what it posits is an administrative hearing. But its primary grievance is that the Division has declared Petromax to be hazardous waste and is assisting the district attorney in prosecuting SCWW. But that is what many enforcement agencies are mandated to do.

8

SCWW's petition seeks to deprive the Division of its right to free speech. The Division has satisfied the first step in the anti-SLAPP analysis. It has made a prima facie case showing that SCWW's causes of action arise from an act in furtherance of the Division's right and responsibility to make a statement involving a public issue.

SCWW's reliance on *City of Cotati v. Cashman* (2002) 29 Cal.4th 69 is misplaced. There, mobilehome park owners filed an action in federal court challenging the constitutionality of a city's rent control ordinance. The city filed an action in state court seeking a declaration that the ordinance is valid. The trial court granted the owners' motion to strike the city's suit on the ground it was a SLAPP suit. Our Supreme Court upheld the Court of Appeal's reversal and concluded the city's lawsuit did not arise from the owners' exercise of their right of free speech or petition. Instead, the city's lawsuit arose from the underlying controversy over the validity of the ordinance. (*Id.* at p. 80.)

Similarly, courts have determined anti-SLAPP motions to be inappropriate where, for example, the gravamen of a lawsuit is a challenge to a city's land use regulations (*USA Waste of California, Inc. v. City of Irwindale* (2010) 184 Cal.App.4th 53, 63); or the enforcement of statutory and regulatory rules for claims handling by an insurance carrier (*Gallimore v. State Farm Fire & Casualty Ins. Co.* (2002) 102 Cal.App.4th 1388, 1399).

But here the gravamen of SCWW's action does not involve a challenge to or enforcement of an ordinance, regulation or statute. Instead, the gravamen of SCWW's action is the right of the Division to declare SCWW's Petromax to be hazardous waste and to cooperate with the district attorney. SCWW's

petition is directly aimed at the Division's right, if not obligation, to inform parties of its actions.

II

The remaining question is whether SCWW can carry its burden of establishing a probability of prevailing on its claim.

The trial court, having wrongly found that the Division failed to make a prima facie case for relief, did not decide SCWW's probability of prevailing. The court, however, did sustain the Division's demurrer. SCWW points out that the court sustained the Division's demurrer with leave to amend. But a plaintiff cannot avoid an anti-SLAPP motion by amending the complaint. (*Hansen v. Department of Corrections & Rehabilitation* (2008) 171 Cal.App.4th 1537, 1547.) Thus, we must view the complaint as it existed at the time of the motion.

SCWW urges that we remand the matter for factual findings. But no factual findings are necessary. In sustaining the Division's demurrer, the trial court determined that, as a matter of law, SCWW's complaint failed to state a cause of action. In addition, our review of the trial court's ruling on an anti-SLAPP motion, including the probability of the plaintiff's success, is de novo. (*Schwarzburd v. Kensington Police Protection & Community Services Dist. Bd.* (2014) 225 Cal.App.4th 1345, 1355.) We have the authority to decide the issue ourselves. (*Ibid.*) Because we can decide the question as a matter of law, it would be a waste of judicial resources to remand the matter to the trial court.

SCWW relies on Health and Safety Code section 25180, subdivision (d). But that subdivision requires only that the Division treat all entities that deal with hazardous waste "equally and consistently with regard to the same types of

10

violations." (*Ibid*.)  SCWW does not specify how the Division has treated it unequally or inconsistently with regard to the same type of violation.  The subdivision cannot reasonably be construed as requiring an administrative hearing before the Division can declare a substance to be hazardous waste and cooperate with the district attorney.

SCWW's reliance on Health and Safety Code section 25187, subdivision (e) is also misplaced.  That subdivision provides:  "Any hearing requested on an order issued by the department shall be conducted within 90 days after receipt of the notice of defense by an administrative law judge of the Office of Administrative Hearings of the Department of General Services in accordance with Chapter 4.5 (commencing with Section 11400) of Part 1 of Division 3 of Title 2 of the Government Code, and the department shall have all the authority granted to an agency by those provisions." (*Ibid*.)  But the order referred to in subdivision (e) is defined in subdivision (a)(1) of section 25187 as "an order requiring that the violation be corrected and imposing an administrative penalty . . . ."  Here the Division expressly declined to impose an administrative penalty.  Section 25187, subdivision (e) does not apply.

Similarly Health and Safety Code section 25404.1.1, subdivision (a) applies to "an administrative enforcement order requiring that the violation be corrected and imposing an administrative penalty . . . ."  Because no administrative penalty was imposed, the section does not apply here.

Finally, SCWW argues the Division has denied it due process of law.  SCWW cites no authority that even remotely supports its argument.  SCWW will receive all the process that is due to it in the criminal prosecution.  There it will have an ample

11

opportunity to contest whether its Petromax constitutes hazardous waste.

The judgment (order) is reversed.  Costs are awarded to appellant.

<u>CERTIFIED FOR PUBLICATION.</u>

GILBERT, P. J.

We concur:

PERREN, J.

TANGEMAN, J.

12

Rocky J. Baio, Judge

Superior Court County of Ventura

_____

Leroy Smith, County Counsel and Eric J. Walts, Assistant County Counsel, for Defendant and Appellant.

Musick, Peeler & Garrett, Barry C. Groveman, William W. Carter, Marc R. Greenberg, K. Ryan Hiete, Cheryl A. Orr and Andrew Gilford, for Plaintiff and Respondent.